## 32330. FREE *v.* ASSOCIATED INDEMNITY CORPORATION *et al.*

Decided February 24, 1949. Rehearing denied March 24, 1949.

840

*Howell Brooke, Sam P. Burtz, A. J. Henderson,* for plaintiff.
*Miller & Head,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ Under the provisions of § 114-801 of the Annotated Supplement to the Code, an employer is not liable for compensation for silicosis, unless such disease arose out of and in the course of employment and has resulted from the nature of the employment in which the employee was engaged under such employer and was actually contracted while so engaged. The term, "nature of employment," means that to the occupation in which the employee was engaged there is attached the particular hazard of silicosis which distinguishes it from the usual run of occupations and is in excess of the hazards of such disease attending employment in general. Also, under the provisions of said Code section, such employer is not liable for silicosis unless disablement results within 3 years after the last injurious exposure to the hazard of such disease in such employment. Also, under the provisions of that Code section, the disablement of an employee resulting from silicosis shall be treated as the happening of an injury by accident. That part of the definition of disablement applicable here is found in § 114-802 of the Code Supplement, and is the event of an employee becoming actually incapacited because of occupational disease (silicosis) from performing his work in the last occupation in which he was injuriously exposed to the hazards of such disease, or from performing any work in any other occupation for remuneration.

Treating disablement, as required in Code (Ann. Supp.) § 114-801, to be the same as the happening of an injury by accident, the statute of limitations for filing a claim is one year from the date thereof. See Code, § 114-305.

However, ascertainment of whether or not disablement has occurred, as applied to the instant case, depends upon the deter-

mination of a number of facts which were not decided by the State Board of Workmen's Compensation in the award. It can not be said that the case is barred by the statute of limitations unless it appears that there was a valid claim to be so barred. For example, the claim is not barred by the statute of limitations if the claimant did not have silicosis at the time the case was heard by the director. Nor would it be barred if it appears that the employer is not liable for such compensation because the nature of the employment was not such as to constitute a particular hazard of silicosis within the meaning of the statute. Under these circumstances, there would be no valid claim to become barred. In order for the State Board of Workmen's Compensation to have properly held that the claim is barred by the statute of limitations, the director must first have found as a matter of fact that the employment was hazardous within the meaning of the statute and that the claimant was disabled from silicosis. Then, upon also finding that disablement occurred more than one year prior to the filing of the claim, such decision would have been authorized. However, the director did not find these facts but in his award states, "I deem it unnecessary to brief any of the evidence," which is here taken to mean that he deemed it unnecessary to find any of the foregoing facts because the claimant had testified that he was totally disabled on December 11, 1946, and has since continued in that condition.

A part of Code § 114-707 provides as follows: "The award together with a statement of the findings of fact and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings, and a copy of the award shall immediately be sent to the parties at dispute." The recommitment of the case to the State Board of Workmen's Compensation is proper where this provision of § 114-707 has not been performed. See *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (1) (119 S. E. 39).

■ Counsel for the employer contend that disablement occurred herein on December 11, 1946, and that, treating disablement as required in Code (Ann. Supp.) § 114-801 as the happening of an injury by accident, the claim became barred at the expiration of one year from that date. Counsel for the claimant contend that the claim may be filed at anytime within 3 years

after the last injurious exposure of the claimant to the hazard of such disease in his employment, which contention is based on part of § 114-801, as follows: "Provided, however, that in no case shall an employer be liable for compensation under the provisions of this Chapter except for a disease specified in section 114-803, and unless such disease arose out of and in the course of employment and has resulted from the nature of the employment in which the employee was engaged under such employer and was actually contracted while so engaged, meaning by 'nature of the employment' that to the occupation in which the employee was so engaged, there is attached the particular hazard of such disease that distinguishes it from the usual run of occupations and is in excess of the hazards of such disease attending employment in general, and unless disablement or death results within three years in the case of silicosis or asbestosis or within one year in the case of any other occupational disease after the last injurious exposure to the hazard of such disease in such employment, or, in case of death, unless death follows continuous disability from such disease commencing within the period above limited for which compensation has been paid or awarded or timely claim made as provided by the workmen's compensation law, and results within seven years after such last exposure."

From the foregoing quoted portion of said Code section, the General Assembly manifestly regarded silicosis as a disease which develops slowly. Indeed the evidence in this case so indicates, Dr. Looper having testified substantially and to the effect that it is very difficult to distinguish the difference between asthma and early silicosis, and that the same can not be done even by X-ray examination, as nodules do not appear in early cases. Reference to the statement of facts discloses a quoted portion of his testimony wherein he expressed his opinion that, while silicosis is not definitely established in the patient at the time of his examination, the same probably could be definitely established at a later time. Care must be exercised, therefore, by the State Board of Workmen's Compensation as well as the courts in the construction of the statute fixing the limitations of actions in cases involving silicosis and other slowly developing compensable diseases lest the manifest intent of the legislature be overlooked.

Suppose an employee, exposed in the course of his employment to the hazard of silicosis, becomes sick and totally disabled from work from causes other than silicosis, and by reason of such illness quits the employment. Suppose that more than a year elapses and such employee, who has recovered or will recover from the illness causing him to quit his employment, develops silicosis and then becomes disabled, within the meaning of Code (Ann. Supp.) § 114-802, from silicosis. Or suppose an employee, who has been exposed to the hazard of silicosis in the course of his employment, actually contracts silicosis and becomes disabled thereby, but this fact is unascertainable for more than one year after he was forced to quit his work, the disease being such that it could not be identified more readily. Under such circumstances it could not be said that his disablement within the meaning of the Workmen's Compensation Law occurred at the time he quit his employment. Disablement within the meaning of said law under these conditions would have occurred at the time that he became unable to work by reason of silicosis and his condition became ascertainable. He would then have one year thereafter in which to file his claim, instead of one year from the time he quit his employment. Silicosis, being a disease which develops slowly and which can not be immediately detected, the General Assembly no doubt intended by the three-year clause in the statute, not only to give the disease ample time from the last hazardous exposure in which to develop, but also to give the employee ample time in which to discover that the illness which renders him unable to work is silicosis. Therefore, in order to give effect to the intention of the legislature in its enactment of the part of § 114-801 of the Annotated Supplement providing that disablement shall be treated as the happening of an injury by accident, and also to give effect to the 3-year provision of said statute as applied to silicosis, and in view of the peculiar nature of the disease, in that it develops slowly and exists for sometime before it can be identified, disablement as used in the statute (§§ 114-801 and 114-802) must be construed to take place at the earliest time the disease can be identified when the employee actually becomes physically unable to work before silicosis, as the cause thereof, can be detected. In order

to be compensable, disablement, thus interpreted, must occur within 3 years from the date of the last hazardous exposure of the employee in the course of his employment, and as hereinbefore stated, the employee has one year thereafter in which to file his claim.

■ Sufficient facts not having been decided by the director in his award upon which to determine whether or not the statute of limitations had barred the claim, the judgment of the superior court affirming the same is erroneous. Before this question can be decided the State Board of Workmen's Compensation should find facts constituting answers to questions as follows:

1. Was the nature of the employment of the claimant hazardous as applied to silicosis and within the meaning of § 114-801 of the Code (Annotated Supplement)?

2. Did the claimant become disabled on December 11, 1946, from silicosis?

3. If so, did he actually contract it in the course of his employment?

4. If not, did he later develop silicosis so contracted?

5. Was the disease from which the claimant became disabled on December 11, 1946, such that would later or did later lead into and become silicosis?

6. If the claimant is suffering from silicosis, at what stage and time could that condition have been ascertained?

The judgment of the superior court affirming the award of the State Board of Workmen's Compensation is reversed with direction that the case be recommitted to the State Board of Workmen's Compensation for a determination of the foregoing questions and such other facts as are deemed by the board necessary for a final award in the case.

*Judgment reversed, with direction. MacIntyre, P.J., and Gardner, J., concur.*