37581.   PATTERSON *v.* EMPLOYER'S MUTUAL
LIABILITY INSURANCE COMPANY *et al.*

DECIDED MARCH 13, 1959—REHEARING DENIED MARCH 26, 1959.

*J. Paxson Amis, James Maddox,* for plaintiff in error.
*Smith, Swift, Currie & McGhee, Frank M. Swift,* contra.

NICHOLS, Judge.   At the hearing held on March 26, 1958, claimant testified that he commenced his employment with Cohutta Talc Company in 1947, and continued his employment with said company until March 9, 1954, when he terminated his employment, giving at the time his reason for such termination as he got to where he "could not make a hand out there any longer." Claimant further testified that he had not done, and was not able to do any work since that time; that he made no report to any of his supervisors as to his disability until January 10, 1958, when, by letter, he gave written notice that he was making a claim under the provisions of the Workmen's Compensation Act.

Dr. Willard Carson, the only doctor testifying at the hearing before the deputy director stated that he had examined the claimant twelve to eighteen months prior to the date of the hearing and that he found a lung condition and some signs of

moisture in the lower part of both lungs and evidence of heart enlargement and liver tenderness; he had hypertension and a number of other problems; that his major difficulty and cause of disability was a respiratory cardiovascular disease and that the only work he could do would be light work, without much exertion. He further testified that at the time he examined him in March, 1956, he felt that claimant was totally and permanently disabled. Regardless of the opinion of his own doctor that he was totally and permanently disabled at that time, the claimant did not give notice to his employer until his letter of January 10, 1958, nearly two years later.

Under the record in this case, and particularly on the testimony of the claimant himself, it is obvious that he was disabled when he terminated his employment in March of 1954, and whether or not his disablement was the result of silicosis or some other occupational disease or injury, arising out of and in the course of employment, the claimant's claim was barred, as a matter of law for failure to give notice to the employer within thirty days after the accident or injury. Code § 114-303; *Dill v. Ocean Accident &c. Co.,* 95 *Ga. App.* 60 (96 S. E. 2d 638); *James v. Fite,* 38 *Ga. App.* 759 (145 S. E. 536).

Further, on the question of notice and assuming for the sake of argument that the statement of the claimant made to his employer at the time of termination of employment, i. e., "he could not make a hand out there any longer," amounted to notice as would meet the requirements of Code § 114-303, his claim would then have had to be filed within one year after that date in order to comply with Code § 114-305.

However, if the claimant's disablement did not commence until March 1956, when he was informed by Dr. Carson that he was totally and permanently disabled, he still would be without the provisions of the Workmen's Compensation Act for having failed to file his claim within one year from that time, as required by the Workmen's Compensation Act (Code § 114-305).

An essential element of a claim under the Workmen's Compensation Law is the filing thereof with the Workmen's Compensation Board within twelve months from the date of the accident. *Bussey v. Bishop,* 169 *Ga.* 251 (150 S. E. 78, 67 A.L.R. 287).

The date of accident in a silicosis case is the date that disablement commences. Code (Ann.) § 114-802; *Free* v. *Associated Indem. Corp.*, 78 *Ga. App.* 839 (52 S. E. 2d 325). The employee then has one year after disablement occurs in a silicosis case to file his claim. Code (Ann.) § 114-801.

If the claimant was disabled when he quit work on March 9, 1954, but did not know of his disablement, and further if his disablement was the result of silicosis, he had three years after his last exposure, which according to the record was March 9, 1954, to determine his disability, and thirty additional days to so notify his employer of his claim. This, claimant did not do, but waited until January 10, 1958, to give notice to his employer of such intention to file, and then did file his claim with the Workmen's Compensation Board on February 8, 1958.

The claimant contends that the fact that he is suffering from silicosis has never been established in the case at bar, and for that reason the case should be reversed so that the Workmen's Compensation Board can refer the claim to the Medical Board for a determination of that fact, as is required under Code (Ann.) Ch. 114-8.

Again assuming, but not deciding, that the claimant was suffering from silicosis at the time he terminated his employment, and assuming further that he was unaware of his condition at that time, nevertheless, under the provisions of the Workmen's Compensation Act, he had thirty-six months from the date of his employment termination to determine if he was, in fact, suffering from silicosis, and then if he was suffering from silicosis, he had an additional thirty days in which to notify his employer of that fact. Code (Ann.) §§ 114-801, 114-303.

The claimant quit work on March 9, 1954, and he did not give any notice to his employer of his injury until January 10, 1958, some forty-six months later, which obviously was nine months too late to come within the purview of the Workmen's Compensation Act when construing the act in the most favorable light so far as the claimant is concerned.

In view of what has been said above there is no merit in the claimant's contention that the case should be reversed in order that the Compensation Board could refer the claim to the Med-

ical Board as obviously such procedure would avail the claimant nothing.

Therefore the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*