27297.   EVERHART et al. v. RICH'S INC. et al.

ARGUED JULY 11, 1972—DECIDED DECEMBER 4, 1972.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart*, for appellants.

*Carter, Ansley, Smith, McLendon & Quillian, W. Colquitt Carter, Gerald A. Friedlander, Nall, Miller & Cadenhead, D. N. Love, Powell, Goldstein, Frazer & Murphy*, for appellees.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., J. Lee Perry, Assistant Attorneys General*, amicus curiae.

JORDAN, Justice. ■ The first headnote, as an answer to the first certified question, requires no elaboration. See *Code* §§ 105-103, 105-104; 65 CJS 1078, 1082, Negligence, § 100(2)a.

■ On a tort claim for personal injury the statute of limitation generally begins to run at the time damage caused by a tortious act occurs, at which time the tort is complete. In such cases the true rule in this State was expressly recognized by the Court of Appeals in *Chitty v. Horne-Wilson*, 92 Ga. App. 716, 719 (89 SE2d 816), and more recently in *Carroll County Gas Co. v. Parker*, 126 Ga. App. 27 (189 SE2d 913), to the effect that in an action for personal injuries the statute of limitation commences at the time the damage or injury is actually sustained. In such torts, where the injury is occasioned by violent external means, the result of the previous violation of a duty, no problem arises in fixing the date and time when the statute begins to run.

Where, however, there is a breach of a duty owed to another, e.g., the failure to warn of the existence of a hazard capable of producing injury, and exposure to the hazard or the cumulative effects of continued exposure results in injury, a cause of action accrues when exposure to the hazard first produces ascertainable injury. While the tort is then complete in the sense that it will support a claim, it is nevertheless a tort of a continuing nature which tolls the statute of limitation so long as the continued exposure to the hazard is occasioned by the continued failure of the tortfeasor to warn the victim, and the statute of limitation does not commence to run under these circumstances until such time as the continued tortious act producing injury is eliminated, e.g., by an appropriate warning in respect to the hazard. The theory of a continuing tort was adopted, applied, and limited to surgical malpractice in *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605). Today we recognize and extend this theory, as here explained, to those factual situations analogous to the situation here involved where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time.

For a discussion of the practical problems in fixing a specific date of injury, and the rules for determining the time of injury or "accident" under the workmen's compensation law, *as distinguished from general tort law,* with respect to a disease caused by injurious and hazardous exposure, e.g., loss of hearing and silicosis, see *Shipman v. Employers Mut. Liab. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72); *Patterson v. Employer's Mut. Liab. Ins. Co.,* 99 Ga. App. 325 (108 SE2d 146); *Free v. Associated Indem. Corp.,* 78 Ga. App. 839 (52 SE2d 325).

The theory of discovery as fixing the date of the running of the statute of limitation where fraud is involved, illustrated by the rulings in *Bryson v. Aven,* 32 Ga. App. 721 (124 SE 553); *Colvin v. Warren,* 44 Ga. App. 825 (163 SE 268); and *Tabor v. Clifton,* 63 Ga. App. 768 (12 SE2d 137), and other cases, is supported by the provisions of *Code* § 3-807 providing that "the period of limitation shall run only from the time of the discovery of the fraud."

■ The third certified question must be answered in the negative. The appellate courts of this State have held that mere ignorance of the existence of a right of action, absent the element of fraud, does not toll a statute of limitation. E.g., see *Crawford v. Gaulden,* 33 Ga. 173, 188; *Davis v. Boyett,* 120 Ga. 649 (48 SE 185, 66 LRA 258, 102 ASR 118, 1 AC 386); *Mobley v. Murray County,* 178 Ga. 388 (3) (173 SE 680).

■ Headnote 4 as an answer to the fourth certified question requires no elaboration.

*Questions answered as stated in the opinion. All the Justices concur.*