appellant.

*J. C. Rary,* for appellee.

## 47683. RAY v. WEBSTER.

EBERHARDT, Presiding Judge. "The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case." *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (3) (173 SE2d 114). Accord: *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256); *E. Raymond Smith v. Allstate Ins. Co.,* 127 Ga. App. 571 (1) (194 SE2d 339); *Jones v. Carr,* 127 Ga. App. 332 (193 SE2d 255). In the instant case, construing all the evidence adduced on defendant's motion for summary judgment most strongly against defendant-movant, and giving plaintiff the benefit of all reasonable doubts and of all favorable inferences (*Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Smith v. Sandersville Production Credit Assn.,* 229 Ga. 65, 66 (189 SE2d 432)), we cannot say that defendant has carried his burden of demonstrating that he is entitled to judgment as a matter of law. Code Ann. § 81A-156 (c). Accordingly the grant of summary judgment to defendant must be reversed.

In the event defendant more fully develops the facts on further motion for summary judgment, or in the event the parties proceed to trial where the burden rests upon plaintiff, the instant case may well fall within the ambit of *Sanders v. Jefferson Furniture Co.,* 111 Ga. App. 59 (140 SE2d 550) and cits.; *Associated Distributors v. Canup,* 115 Ga. App. 152 (154 SE2d 32); *Butler v. Jones,* 85 Ga. App. 158 (68 SE2d 173) and other

similar cases.

*Judgment reversed. Pannell and Stolz, JJ., concur.*
ARGUED JANUARY 9, 1973 — DECIDED FEBRUARY 2,
1973 — REHEARING DENIED FEBRUARY 16, 1973.

*Grogan, Jones & Layfield, Milton Jones, Charles H. Hyatt, Robert J. NeSmith,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellee.