## 47825. FORGAY v. TUCKER et al.

Submitted January 3, 1973 — Decided February 19, 1973 — Rehearing denied March 14, 1973 —

*R. John Genins,* for appellant.
*Dennis & Fain, Robert E. Corry, Jr.,* for appellees.

DEEN, Judge. This action was filed January 7, 1971, and the only question that need concern us here is whether it is barred by the statute of limitation. We must agree with the trial court that this is the case.

Insofar as they bear on the two-year statute of limitation in personal injury cases, the earlier Georgia cases are well summed up in Cheney v. Syntex Laboratories, Inc., 277 FSupp. 386, decided in 1967. A

drug manufacturer was sued on the theory that side effects produced a pulmonary embolism. Judge Newell Edenfield, dismissing the case, held that although the appearance of the embolism was within two years of filing suit, the plaintiff showed that the pills were taken, and some damage resulted therefrom, on a date more than two years from the initiation of suit. In *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605), the continuing tort doctrine was applied in a malpractice case and limited to discovery of foreign objects left in the plaintiff's body during surgical procedures. The court stated: "Where a surgeon negligently leaves a foreign object in the body of his patient, there exists a continuing tort for so long as the object remains undetected. The statute of limitation does not begin to run on the cause of action until its presence is known to the patient or until the patient by the exercise of ordinary care could have learned of it."

The doctrine of continuing tort, that where a time interval elapses between the commission of the act and the infliction of injury which first puts the recipient on notice the latter date will mark the time from which the statute of limitation runs, was accepted and extended in *Everhart v. Rich's, Inc.,* 229 Ga. 798 (194 SE2d 425) (and see s.c., 128 Ga. App. post) to a negligent sale of goods having a potential for harm, although the use of the product and discovery of the subsequent injury was delayed. The Supreme Court held (p. 802): "Where, however, there is a breach of a duty owed to another, e. g., the failure to warn of the existence of a hazard capable of producing injury, and exposure to the hazard or the cumulative effects of continued exposure results in injury, a cause of action accrues when exposure to the hazard first produces ascertainable injury. While the tort is then complete in the sense that it will support a claim, it is nevertheless a tort of continuing nature which tolls the statute of limitation so long as the continued

exposure to the hazard is occasioned by the continued failure of the tortfeasor to warn the victim."

Between these decisions is *Crawford v. McDonald,* 125 Ga. App. 289 (187 SE2d 542), a malpractice case where the plaintiff sought to toll the statute of limitation by alleging that she did not discover that the defendant had negligently severed one of her veins during an operation until for over a year when informed of the fact by another physician. Summary judgment for the defendant was sustained, the court holding: "The testimony contained in the deposition of plaintiff shows that she had knowledge from her suffering due to the thrombophlebitis in November, 1966. This knowledge was sufficient to commence the running of the statute of limitation" and, citing *Parker v. Vaughan,* 124 Ga. App. 300, supra, "[T]he statute of limitation does nevertheless run if the patient by ordinary care could have learned of the presence of the foreign object."

Analysis of these cases in the light of their respective and differing factual situations authorizes the conclusion that when the injury resulting from a tortious act is not immediately apparent the statute of limitation is tolled so long as the victim could not in the exercise of ordinary care have learned of it, and where a failure to warn of such possible result is made the basis of the action such failure is actionable and continuing until the victim is warned, or discovery made, or he should in the exercise of ordinary care have otherwise learned of it.

The facts explicitly testified to by the plaintiff indicate that she immediately drew a connection between her vomiting, nervousness and depression and the taking of digitalis, but that she continued to take them because the doctor had told her she had to take the pills for the rest of her life. This went on, and her physical condition constantly deteriorated, for a period of five years. Whether or not this would have tolled the limitation period up to January 4, 1969, we need not decide, but it

is obvious that on that day she had in fact become convinced that the treatment was wrong, consulted another doctor, was given different medication, her vomiting immediately stopped, and the symptoms did not recur. The fact that not until January 8, 1969, was she explicitly informed that the digitalis was at fault does not change the situation. Under any construction of the facts here, the last day for filing suit could not have been later than January 3, 1971.

The trial court properly granted the motion of the defendants for summary judgment.

*Judgment affirmed. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*

BELL, Chief Judge, concurring in the judgment only. I have concurred in this judgment since it is clear that the action is barred by the statute of limitation. It is obvious that the statute ran at least from January 4, 1969, while the suit was not filed until January 7, 1971. This is the only holding in Judge Deen's opinion. I agree with that. However, I do consider his discussions of *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605) and *Everhart v. Rich's Inc.,* 229 Ga. 798 (194 SE2d 425) to be obiter dictum.

As the writer of *Parker v. Vaughan,* where the statute of limitation was first extended, I feel it my duty to warn against indiscriminate extensions of the statute. I sincerely hope that *Parker v. Vaughan* will not prove to be a stepping stone from which our appellate courts will destroy the very necessary and beneficial effects of the statute of limitation.