## 54321. PIEDMONT PHARMACY, INC. v. PATMORE et al.

SHULMAN, Judge.

This case is before us to review an order by the trial court allowing the addition of appellant as a party defendant. Appellee brought suit in 1974, some six months after an eye ailment was diagnosed as steroid induced glaucoma. Believing the disease to have been caused by a prescription drug she had used for three years, appellee brought the suit against two doctors, a pharmacy and a pharmacist. After conducting discovery, the latter two defendants impleaded appellant and another pharmacy as third-party defendants. Prior to the dismissal of appellee's complaint against the first pharmacy and pharmacist (which dismissal removed the third-party complaint), appellee applied to the court for permission to add appellant as a defendant. The court granted the motion subject to objection. Objection was timely filed by appellant, alleging that the action was barred against it by the statute of limitations. Appellant last filled appellee's prescription in 1971; suit was filed in 1974; and appellant was added as a defendant in July 1975. Appellant's objections were overruled by an order dated March 2, 1977. This appeal is from that order. We

affirm.

1. Although appellant offers several bases for a reversal, we need address only one issue: whether the doctrine of continuing tort applies to this case so as to toll the statute of limitations. The period of limitation in this type of action is provided by Code Ann. § 3-1004: "Actions for injuries to the person shall be brought within two years after the right of action accrues. . ." When, then, did appellee's right of action accrue? Appellant insists that the right of action accrued when appellant did the last act complained of, i.e., selling the medication to appellee in February 1971. By appellant's analysis it was too late after February 1973 to bring suit against it. Appellee insists, with equal vigor, that the doctrine of continuing tort tolled the statute of limitations until October 1973, when appellee discovered the condition of her eyes and the purported cause of that condition.

In *Parker v. Vaughn,* 124 Ga. App. 300 (183 SE2d 605), this court introduced into Georgia law the doctrine of continuing tort. Restricting the rule to cases in which a surgeon negligently leaves a foreign object in the body of his patient, we held that ". . . the statute can only begin to run from the time the patient has knowledge, or through the exercise of ordinary care could have learned, of the existence of the continuing tort." Id. p. 302. In *Everhart v. Rich's, Inc.,* 229 Ga. 798 (194 SE2d 425), our Supreme Court expanded the doctrine to cover situations ". . . where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time." Id. p. 802. The doctrine was again articulated in *Forgay v. Tucker,* 128 Ga. App. 497 (197 SE2d 492): "[W]here a time interval elapses between the commission of the act and the infliction of injury which first puts the recipient on notice the latter date will mark the time from which the statute of limitation runs . . . [W]hen the injury resulting from a tortious act is not immediately apparent the statute of limitation is tolled so long as the victim could not in the exercise of ordinary care have learned of it. . ." Id. pp. 499, 500. If the act complained of here constituted a continuous tort and appellee could not have learned of it in the exercise of ordinary care until the time she actually learned of it, the addition of appellant as a party

defendant was proper.

2. We find no difficulty in holding this case to be within the doctrine of continuing tort. Appellee used the medication for over three years. The drug is a steroid and she was diagnosed as having steroid-induced glaucoma. The time interval between the first filling of appellee's prescription by appellant and the discovery of glaucoma places this case squarely within the classification of cases set forth above. The remaining question, then, is whether appellee could have known sooner the nature of her ailment.

3. Appellant contends that appellee knew or should have known of her injury prior to July 1973 (two years before the addition of appellant as a defendant). In support of that contention, it is pointed out that appellee went to an opthalmologist (other than the one who prescribed the drug) in January of 1972 because she was having continued eye trouble and that her last prescription for the drug was filled in April 1973 (by a pharmacy other than appellant). This conduct, appellant asserts, shows appellee's awareness of injury to her eyes and her recognition that the medication was causally connected with the injury. Appellee relies on the same events and behavior to show that she exercised ordinary care and still couldn't discover the source of her problems until October 1973. Her uncontradicted testimony is that she went to the second opthalmologist because of visual difficulties. His examination, she claims, indicated ocular problems correctible by a change in corrective lenses. He never told her to discontinue her use of the medication. She relied on his advice, but her eyes did not improve, even after she ceased to use the medication. It was not until a thorough examination by another doctor revealed no other physiological reasons for her trouble that a third eye doctor was called in. He diagnosed steroid-induced glaucoma. His examination took place in October 1973, less than two years before appellee amended her complaint to add appellant as a defendant.

The situation in this case is directly analogous to those involving the tolling of the statute of limitation because of fraud. In both instances, the running of the statute is delayed until the discovery of the injury, if the

delay in discovery is not occasioned by the failure of the plaintiff to exercise ordinary care (continuing tort) or reasonable diligence (fraud). Compare *Parker v. Vaughn,* supra, with *Breedlove v. Aiken,* 85 Ga. App. 719, 721 (70 SE2d 85). Therefore, the holding in *Brown v. Brown,* 209 Ga. 620 (7) (75 SE2d 13), a case involving fraud, is appropriate to this case: "If the sole question is one as to the length of time which has elapsed between the accrual of the right and the institution of the action, the question as to whether the action is barred would be one of law; but where, as in this case, there are facts involving fraud and excuses for delay in discovering the fraud, the question becomes one of mixed law and fact, and is a proper question for determination by a jury under proper instructions from the court. [Cits.]" Just so, the issue of appellee's exercise of ordinary care in discovering her injury must be resolved by a jury. "It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection, ordinarily are to be decided by a jury. . ." *DeGolian v. Faulkner,* 74 Ga. App. 866, 869 (41 SE2d 661). The trial court's order overruling appellant's objections to its addition as a party defendant was proper.

4. Because we have affirmed the trial court's order on the basis of the doctrine of continuing tort, it is not necessary to address appellant's other arguments which are based on the assumption that the trial court relied on other theories to permit the amendment to appellee's complaint.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 11, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*Freeman & Hawkins, William Q. Bird, Paul M. Hawkins, H. Lane Young, II,* for appellant.

*Ross & Finch, A. Russell Blank, T. M. Smith,* for appellees.