57597. SIMONS et al. v. CONN et al.

SMITH, Judge.

Appellant Simons brought this medical malpractice action against appellees, alleging a negligent failure to detect that he had suffered a broken back in a work-related accident. Mrs. Simons joined in the action, alleging a loss of consortium. Appellees moved for summary judgment. Appellee Conn, the medical doctor who treated appellant, submitted an affidavit stating that he exercised "that degree of care and skill exercised by the profession in general under similar conditions and like surrounding circumstances." However, Dr. Conn did admit in his affidavit that "if such a fracture was present at the time the x-rays were made and studied by Deponent, Deponent simply overlooked the indication of any such fracture." Aside from Dr. Conn's own assessment of his performance in treating appellant Simons, which amounted to little more than a restatement of his pleadings, no medical testimony relating to due care on the part of Dr. Conn was submitted by either party. The trial court granted appellees' motion for summary judgment. We reverse.

1. In *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45) (1978), four Georgia Supreme Court Justices joined in the per curiam opinion containing the following statement: "We hold that in those cases where the

plaintiff must produce an expert's opinion in order to prevail at trial, *when the defendant produces an expert's opinion in his favor* on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant . . ." Id. at 408. (Emphasis supplied.) As applied to the issue of due care in a malpractice case, we construe the phrase "produce an expert's opinion" to require the defendant doctor to submit a medical opinion other than his own. If the defendant produces this testimony and the plaintiff fails to produce a contrary expert opinion, the defendant is entitled to summary judgment under the rule set forth in *Howard v. Walker,* supra. However, we do not construe *Howard v. Walker,* supra, to stand for the proposition that a medical doctor in a malpractice case is entitled to summary judgment on the basis of his own affidavit stating that he exercised due care in the diagnosis and treatment of an illness or injury. We simply cannot conceive of a case in which the self-serving declarations of a defendant, testifying as his own expert in the situation presented by *Howard v. Walker,* supra, would be sufficient to sustain a motion for summary judgment and thereby deprive an injured party of his day in court.

In the instant case, the only testimony introduced by appellees on the question of due care was that of Dr. Conn himself. Dr. Conn's affidavit in support of the motion for summary judgment contains the following explanation of the procedures he followed in diagnosing appellant's injury: "Deponent says that he took the x-rays of Plaintiff's rib cage and of his lumbar spine and placed them upon a viewbox, as is the general custom and practice of the medical profession while trying to interpret or evaluate what is shown by the x-ray, and that he did for several minutes closely examine the x-rays. Deponent further says that it is not an uncommon occurrence that doctors while exercising that degree of care and skill accepted and followed by the medical profession in general under similar conditions and like surrounding circumstances, to overlook or be unable to detect the fracture of a bone. Deponent says that his taking an x-ray

of the lumbar spine of Plaintiff and Deponent's use of a viewbox to study and evaluate the x-rays, and the time element devoted to the study of said x-rays for their interpretation and evaluation, did conform to that degree of care and skill exercised by the profession in general under similar conditions and like surrounding circumstances." It is apparent that this portion of Dr. Conn's affidavit contains both a non-expert, factual account of what transpired in his office and an "expert" opinion concerning the exercise of reasonable care by Dr. Conn. We cannot agree with appellees' assertion that this "expert" opinion entitled them to summary judgment. We believe, to the contrary, that Dr. Conn's factual assertions and "expert" opinion are so inextricably woven that the latter is without independent significance. The trial court erred in granting appellees' motion for summary judgment on the basis of Dr. Conn's self-serving opinion in his affidavit that he exercised due care in diagnosing appellant Simons' back injury, notwithstanding his failure to detect, as did another physician, that appellant Simons suffered a broken back.

2. Appellees also contend that any action by appellant Simons is barred by the statute of limitations. This contention is based on Code § 3-1102, which provides: *"Except as otherwise provided in this Chapter, an action* for medical malpractice shall be brought within two years after the date on which the *negligent or wrongful act or omission occurred."* (Emphasis supplied.) The alleged negligent misdiagnosis in this case occurred on February 26, 1974. Thus, if the limitation stated in Code § 3-1102 applies, appellant Simons' action would be barred.

On the other hand, if the limitation of actions contained in Code § 3-1004 applies, appellant Simons' action may not be barred. Code § 3-1004 states in pertinent part: "Actions for injuries to the person shall be brought within two years after the *right of action accrues* . . ." (Emphasis supplied.) The point from which the statute of limitations begins to run under Code § 3-1004 is when the "right of action accrues," not when the "act or omission occurred," as would be the case under Code § 3-1102.

Appellant Simons asserts that the right of action in this case accrued on October 10, 1975, when he was first

informed that his back was broken. Assuming that appellant Simons could not have discovered this injury in the exercise of ordinary care before October 10, 1975, we agree with appellant that the right of action under Code § 3-1004 did not accrue until then. "[W]hen the injury resulting from a tortious act is not immediately apparent the statute of limitation is tolled so long as the victim could not in the exercise of ordinary care have learned of it." *Forgay v. Tucker,* 128 Ga, App. 497, 500 (197 SE2d 492) (1973). Whether appellant Simons exercised due care under the facts of this case is a question which must be resolved by a jury. *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160, 163 (240 SE2d 888) (1977).

The trial court erred in granting appellees' motion for summary judgment on the ground that the statute of limitations barred any action because a jury question remains as to whether appellant Simons exercised ordinary care in discovering that he suffered a broken back. We base this conclusion on Code § 3-1105, which provides: "No action for medical malpractice which, prior to July 1, 1976, has been barred by the provisions of Title 3, relating to action, shall be revived by this Chapter. No action for medical malpractice which would be barred before July 1, 1977, by the provisions of this Chapter but which would not be so barred by the provisions of Title 3, in force immediately prior to July 1, 1976, shall be barred until July 1, 1977." If a jury were to determine that appellant Simons exercised due care in discovering that he suffered a broken back, the language of Code § 3-1105 would be satisfied. In such case, appellant Simons' action would not be barred by the statute of limitations, because appellants filed their complaint before July 1, 1977.

3. As appellees concede, Mrs. Simons' claim for loss of consortium is not barred by the statute of limitations. Code § 3-1105.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 4, 1979 — DECIDED SEPTEMBER 26, 1979.

*Thomas L. Thompson, Jr.,* for appellants.
*S. E. Kelly, Phillip Johnson,* for appellees.