### 60403. MORGAN et al. v. CARTER.

SOGNIER, Judge.

Medical malpractice. Appellant Doctors Morgan and Eberhart treated appellee Carter for a urologic condition from August of 1963 until March 16, 1966, when Carter was discharged from appellants' care. During the course of treatment, Carter underwent surgery performed by Morgan to alleviate his condition.

In June, 1974 Carter was admitted to Emory Hospital and was diagnosed as having chronic renal failure. However, appellee alleged that the *cause* of this condition was not discovered "until sometime in August of 1974." On July 8, 1976 Carter filed his complaint against appellants alleging negligent abandonment of appellee and failure to properly treat or warn appellee of a dangerous condition. Appellants moved for summary judgment based on the running of the statute of limitation. The trial court denied appellants' motion and certified the case for immediate review. Thereafter, this court granted appellants' application for interlocutory review.

The sole issue on this appeal is whether appellee's suit is barred by the statute of limitation. Code Ann. § 3-1102 provides that "an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." However, under Code Ann. § 3-1105, ". . . No action for medical malpractice which would be barred before July 1, 1977, by the provisions of this Chapter but which would not be so barred by the provisions of Title 3, in force immediately prior to July 1, 1976, shall be barred until July 1, 1977." Since appellee's cause of action arose prior to July 1, 1977, Code Ann. § 3-1004 applies rather than Code Ann. § 3-1102.

Code Ann. § 3-1004 provides: "Actions for injuries to the person shall be brought within two years after the right of action accrues . . ." The rule under this statute applicable to medical malpractice cases is "that when the injury resulting from a tortious act is not immediately

apparent the statute of limitation is tolled so long as the victim could not in the exercise of ordinary care have learned of it . . ." *Forgay v. Tucker,* 128 Ga. App. 497, 500 (197 SE2d 492) (1973).

According to the physician's discharge summary dated July 8, 1974, appellee "was admitted to the hospital for evaluation of anemia, weight loss, nausea, vomiting, and easy fatigability. He was accompanied to the hospital by his local medical records which revealed a virtual life-long history of albuminuria. Furthermore, in 1964 he had a urological surgical procedure involving his ureter and bladder, the specific nature of which is unclear at the present time." Appellee's physician noted further that "The exact relationship of his [appellee's] previous urologic surgery to his current problem is as yet unspecified." In addition, in August, 1974 appellee stated that further treatment resulted in a discovery that appellants' treatment had been inappropriate in that they had failed to diagnose appellee's kidney condition. Finally, in 1978 it was determined that appellee had a congenital condition which he claims should have been apparent to appellants while appellee was under their care.

On motions for summary judgment the burden is on the moving party to establish the lack of a genuine issue of fact and the right to judgment as a matter of law. All doubts as to the existence of such an issue or issues are resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Simpson v. Dotson,* 133 Ga. App. 120, 122 (210 SE2d 240) (1974). *Ray v. Webster,* 128 Ga. App. 217 (196 SE2d 175) (1973).

In the instant case, construing all evidence adduced on appellants' motion for summary judgment most strongly against them and giving appellee the benefit of all reasonable doubt, there remains the question whether appellee exercised due care in learning of the injury resulting from appellants' actions so as to toll the statute of limitation. We will not decide this adversely to appellee on summary judgment. *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160, 163 (240 SE2d 888) (1977); *Simons v. Conn,* 151 Ga. App. 525, 528 (260 SE2d 402) (1979). Hence, the trial court was correct in denying appellants' motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 26, 1981.

*John E. Talmadge, Barry S. Mittenthal,* for appellants.
*Michael Jablonski, Henry Angel, Herbert O. Edwards,* for

appellee.