62653. KING v. SEITZINGERS, INC. et al.

QUILLIAN, Chief Judge.

The plaintiff in a suit for personal injury by lead poisoning appeals the grant of summary judgment to the defendant on the ground that the action was barred by the statute of limitation. *Held:*

The action was filed on October 9, 1979. Code Ann. § 3-1004 (Ga. L. 1767, Cobb, 562 through 1964, p. 763) is applicable and provides that actions for injuries to the person shall be brought within two years after the right of action accrues.

Appellant contends that his cause of action did not accrue until he knew or reasonably should have known that appellee was the cause of his condition which was within two years of the commencement of the action.

The evidence shows that appellant was employed from 1972 to 1977 as an iron work welder. In April of 1977 his employer, who is not a party to this action, had appellant working on the smokestack of appellee's plant where discarded batteries were treated, melted and processed. Appellant complained to his physician of dizziness and was given treatment for hypoglycemia (low blood sugar), which the physician had diagnosed and treated him for previously. At that time appellant told the physician that he was working in and around a battery plant with lots of fumes. Appellant did not respond to the treatment and by May 1977 had to stop working because of weakness and dizziness. In June the physician discovered that appellant had an excessive lead content in his hair. Further tests were conducted and by August 1977 the physician had diagnosed the illness as lead poisoning (plumbism). At that time the physician believed that the cause of the lead poisoning was appellant's several years of working as a welder on iron work covered with red lead paint. Appellant was aware that he had lead poisoning by September 1977 and commenced receiving workers compensation for his disability in October 1977. Quite a period of time after the initial diagnosis of lead poisoning appellant's condition also was causally connected to lead fumes from appellee's battery plant. Appellant testified that he discovered his condition was caused by appellee's plant several months after he learned he had lead poisoning.

Appellant's injury is a continuing tort and Georgia courts have clearly held that in a continuing tort a cause of action does not accrue so as to cause the statute of limitation to run until a plaintiff discovers or with reasonable diligence should have discovered that he was injured. *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605); *Everhart v. Rich's, Inc.,* 229 Ga. 798 (194 SE2d 425); *Forgay v. Tucker,* 128 Ga. App. 497, 500 (197 SE2d 492); *Piedmont Pharmacy v.*

*Patmore,* 144 Ga. App. 160 (240 SE2d 888); *Marbut v. P. P. G. Industries, Inc.,* 148 Ga. App. 721 (252 SE2d 628); *Simons v. Conn,* 151 Ga. App. 525 (2) (260 SE2d 402); *Morgan v. Carter,* 157 Ga. App. 218 (276 SE2d 889).

However, Georgia courts have not clearly addressed the question arising in this case. That is: where the injury is known, but the cause of the injury is not known, has a cause of action accrued so as to start the statute of limitation running?

There is considerable authority from other jurisdictions that a cause of action does not accrue under such circumstances until the plaintiff discovers or with reasonable diligence should have discovered not only the injury but the cause of the injury. See R. J. Reynolds Tobacco Co. v. Hudson, 314 F2d 776 (5th Cir. 1963); Miller v. Beach Aircraft Corp., 204 Kan. 184 (460 P2d 535) (1969); Wiggington v. Reichold Chemicals, Inc., 133 Ill. App. 2d 776 (274 NE2d 118) (1971); Breaux v. Aetna Cas. &c. Co., 272 FSupp. 668 (E. D. La. 1967); Goodman v. Mead Johnson & Co., 388 FSupp. 1070 (D. N.J. 1974); Thrift v. Tenneco Chemicals, Inc., 381 FSupp. 543 (S. D. Tex. 1974); Gilbert v. Jones, 523 SW2d 211 (Tenn. Ct. App. 1974); G. D. Searle & Co. v. Superior Court, 49 Cal. App. 3d 22 (122 Cal. Rptr. 218) (1975); Allen, Roman v. A. H. Robins Co., Inc., 518 F2d 970 (5th Cir. 1975) (Tex.); Raymond v. Ely Lilly Co., 117 N.H. 164 (317 A2d 170) (1977); Harig v. Johns-Manville Products, 284 Md. 70 (394 A2d 299) (1978); Insurance Co. of North America v. Forty-Eight Insulations, Inc., 451 FSupp. 1230 (E.D. Mich. 1978); Schiele v. Hobart Corp., 284 Or. 483 (587 P2d 1010) (1978).

A good discussion of this question is in Raymond v. Ely Lilly & Co., 117 N.H. 164, supra. "There are at least four points at which a tort cause of action may accrue: (1) When the defendant breaches his duty; (2) when the plaintiff suffers harm; (3) when the plaintiff becomes aware of his injury; and (4) when the plaintiff discovers the causal relationship between his harm and the defendant's misconduct. *See,* 3 R. Hursh & H. Bailey, American Law of Products Liability 2d § 17:9-10; *Developments in the Law — Statute of Limitations,* 63 Harv. L. Rev. 1177, 1200-01; Annot., 80 ALR2d 368, 373 (1961)." Id at 168.

The court in discussing the necessity and fairness of having what has been called the "discovery rule," reasoned that a cause of action should not accrue until a tort plaintiff knows or with reasonable diligence should know who caused his injury. It concluded: "In a case such as the one before us, in which the injury and the discovery of the causal relationship do not occur simultaneously, it is important to articulate exactly what the discovery rule means. We believe that the proper formulation of the rule and the one which will cause the least

confusion is the one adopted by the majority of the courts: A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." Id. at 170, 171.

We find such reasoning persuasive.

As indicated above, it is already the law in Georgia that a tort cause of action does not accrue unless the plaintiff knows or with reasonable diligence should have known that he suffered an injury. We note that in the cases in which this law has been applied, the cause of the injury was apparent at the time the nature of the injury was discovered. It is only a logical extension of the existing Georgia law to adopt the rule which many other courts have.

Accordingly, we find that the appellant's cause of action did not accrue and the statute of limitation did not run against him until he knew or through the exercise of reasonable diligence should have discovered not only the nature of his injury but also the causal connection between the injury and the alleged negligent conduct of appellee.

Construing the evidence most strongly against the movant-appellee and giving appellant the benefit of all reasonable doubt, there remains the question of whether appellant knew or through reasonable diligence should have discovered that his injury resulted from appellee's action before or after the two years preceding the filing of his suit. Since this is a disputed issue of material fact which must be decided by a jury, the trial court erred in deciding it adversely to appellant. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660 through 1975, pp. 757, 759). Compare, *Morgan v. Carter,* 157 Ga. App. 218, 219, supra; *Simons v. Conn,* 151 Ga. App. 525 (2), 528, supra; *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160, 163, supra.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 20, 1981 —
REHEARING DENIED NOVEMBER 6, 1981 —

*A. Russell Blank, Thomas W. Thrash,* for appellant.
*J. Bruce Welch,* for appellees.