63970. SUTLIVE v. HACKNEY.

POPE, Judge.
On February 15, 1974 appellant obstetrician/gynecologist performed reconstructive breast surgery upon appellee in which appellant surgically removed two previously implanted mammary prostheses and inserted two silicone-filled implants, allegedly too small for her breast structure. Following the surgery, appellee returned to appellant because she was dissatisfied with the deformed and convoluted appearance of her breasts. On June 4, 1974, November 2, 1974, and August 26, 1976 appellant transcutaneously injected a saline solution into the silicone implants in an effort to

enlarge them and, thus, correct their appearance. Appellee claims that when she questioned appellant about the possibility of leakage caused by these injections, he informed her that the implants were self-sealing and would, therefore, seal around the puncture holes to prevent any such leakage.

Upon seeking help from another physician in August, 1980 for chest pains and breast shrinkage occurring since late 1979, appellee asserts that she learned that the implants had been perforated, leaking silicone into her chest area. Corrective surgery was performed in August, 1980 and May, 1981. Appellee's action for medical malpractice was filed in June, 1981. On his motion for summary judgment, appellant raised the statute of limitation as a defense. The motion was denied by the trial court, and this court granted a discretionary appeal on this issue.

Prior to 1976 actions for injuries resulting from medical malpractice were subject to the limitation contained in Code Ann. § 3-1004 which provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues. . . ." Accrual of the action occurred when the injury was discovered or should have been discovered in the exercise of ordinary care. See *Simons v. Conn,* 151 Ga. App. 525 (2) (260 SE2d 402) (1979); *Forgay v. Tucker,* 128 Ga. App. 497, 500 (197 SE2d 492) (1973). However, in 1976 medical malpractice actions were taken from the general auspices of Code Ann. § 3-1004 and were placed in Code Ann. Ch. 3-11, relating solely to limitations of actions for medical malpractice. See Ga. L. 1976, pp. 1363 et seq. Specifically, the statute of limitation for medical malpractice actions was changed to be two years *after the date on which the negligent or wrongful act or omission occurred.* Code Ann. § 3-1102.

As appellee's last injection was administered on August 26, 1976 and her action was filed on June 24, 1981, under the applicable statute of limitation, Code Ann. § 3-1102, this medical malpractice action would be barred. However, under Code Ann. § 3-807, fraud tolls the statute of limitation so that it "shall run only from the time of the discovery of the fraud." Appellee contends that such fraud was perpetrated by appellant, that the time of discovery was August, 1980, and that her action filed less than one year later was not barred. We agree that appellee's allegations of fraud are sufficient to toll the statute of limitation contained in Code Ann. § 3-1102.

Appellant advances the view that actual fraud involving intentional deception and moral turpitude must be shown to toll the statutue of limitation pursuant to Code Ann. § 3-807. While this is true under the explanation provided by the Supreme Court in *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244) (1980), the

existence between the parties of a confidential relationship lessens, if not negates, the necessity of a showing of actual fraud. Cases relied upon by appellant in this regard acknowledge this principle. In *Shipman* the court quotes *American Nat. Bank v. Fidelity & Deposit Co.,* 131 Ga. 854 (63 SE 622) (1908), for the proposition that in the instance where the gravamen of the action does not involve actual fraud "in order to prevent the statute of limitations from running by reason of the fraud of the party committing it, consisting in the concealment of such conduct, there must be something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the *existence between the parties of a confidential relation.*" (Emphasis supplied.) In *Webb v. Lewis,* 133 Ga. App. 18 (2) (209 SE2d 712) (1974), this court held that fraud which tolls the statute of limitation must be actual fraud *in the absence of any confidential relationship.*

The relationship between a physician and his patient is one of trust and confidence. *Leagan v. Levine,* 158 Ga. App. 293 (1) (279 SE2d 741) (1981). That the parties in this case were in a confidential relationship at all pertinent times is recognized by the appellant. Therefore, there is no requirement that actual fraud be shown in order to come within the purview of Code Ann. § 3-807 to toll the applicable statute of limitation.

"Where a person sustains towards [another] a relation of trust and confidence, his silence when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation. *Morris v. Johnstone,* 172 Ga. 598 (3) (158 SE 308) [1931]." *Brown v. Brown,* 209 Ga. 620 (6) (75 SE2d 13) (1953). Appellee alleges that appellant wrongfully held himself out to be a licensed, qualified plastic surgeon and that this conduct amounts to such a "failure to disclose" and a fraudulent misrepresentation. Fraud is further alleged by appellee's claim that appellant failed to disclose the possibility of puncture with resulting leakage caused by the injections into the implants. Moreover, appellee claims that appellant expressly assured her that no leak would occur as a consequence of the injections due to the "self-sealing" nature of the implants. This court recently stated that "a patient has the right to believe what he is told by his [physician] about his condition." *Stephen W. Brown Radiology Assocs. v. Gowers,* 157 Ga. App. 770, 773 (278 SE2d 653) (1981). Certainly, the same right to rely on the lack of danger of leakage obtains in this situation.

After injecting the saline solution into the apparently self-

contained silicone sacs, appellant repeated this procedure twice — five months after the first injection and then one year and nine months later. Even if, at the time, appellant believed his assurance to have been true when he told appellee that the injection would not cause leakage, his undisputed course of conduct following the first injection provides a reasonable inference that he may have had knowledge of the leakage and acted with the follow-up injections to conceal the problem. " 'Concealment per se amounts to actual fraud where for any reason one party has a right to expect full communication of the facts from another.' " *Breedlove v. Aiken,* 85 Ga. App. 719, 720 (70 SE2d 85) (1952).

Appellee's right to rely on appellant's assurance as to the lack of danger from the injections, coupled with appellant's repeated administration of saline by injection over a period of years and the discovery of the alleged leakage in the course of the subsequent 1980 surgery, were effective to raise an issue of fraud sufficient to withstand appellant's motion for summary judgment based on the statute of limitation. Whether the appellant's alleged acts or omissions had the effect of deterring appellee from discovering or pursuing her claim so as to toll the statute of limitation is a proper question for the jury to decide. See *Leagan v. Levine,* supra at (1). Additionally, "the issue of [appellee's] exercise of ordinary care in discovering her injury must be resolved by a jury." *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160, 163 (240 SE2d 888) (1977).

"On motions for summary judgment the burden is on the moving party to establish the lack of a genuine issue of fact and the right to judgment as a matter of law. All doubts as to the existence of such an issue or issues are resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence." *Morgan v. Carter,* 157 Ga. App. 218, 219 (276 SE2d 889) (1981). As the foregoing questions for jury determination were raised, the application of the summary judgment standard quoted above requires that appellant's motion be denied.

*Judgment affirmed. Quillian, C. J., Shulman, P. J., McMurray, P. J., Banke and Sognier, JJ., concur. Deen, P. J., Birdsong and Carley, JJ., dissent.*

DECIDED NOVEMBER 23, 1982 —<br>REHEARING DENIED DECEMBER 13, 1982 —

*William P. Franklin, Jr., Gregory Hodges,* for appellant.
*Robert C. Shearhouse,* for appellee.

DEEN, Presiding Judge, dissenting in part.

Generally I am in agreement with what is said in the majority opinion relating to the statute of limitations.

However, I do not agree that, against a motion for summary judgment, the plaintiff alleged or proved fraud. The existence of confidential relations between the parties, such as existed here, does not mean that the relationship will toll the statute of limitations *whether or not* fraud exists, but only that the victim has reason to rely upon the person who committed the fraudulent misconduct, and is therefore not charged with a duty of exercising the degree of care to discover the fraud which would otherwise obtain. "In cases involving a relation of trust and confidence, such as a physician and patient, silence on the part of the physician *when he should speak,* or his failure to disclose *what he ought to disclose,* is as much a fraud in law as an actual affirmative false representation. *Brown v. Brown,* 209 Ga. 620, 621 (6) (75 SE2d 13) (1953)." *Leagan v. Levine,* 158 Ga. App. 293 (279 SE2d 741) (1981). (Emphasis supplied.) Thus, a confidential relation affects, not the *existence* of the elements of fraud (that the statement was false, that the speaker knew it was false, that it was made with intent to deceive, that it did deceive, and that the victim suffered consequent injury), but the extent of the duty of the defendant to reveal it. Negligence, even gross negligence, is not fraud. When a statement is made, that statement must be false and *known to the speaker* before fraud can be predicated upon it. Then, if the relationship is confidential, it becomes a jury question whether facts if known to the speaker should have been revealed by the speaker, or whether they should in any event have been known to the victim.

The missing ingredient in this case is that the plaintiff in this case has based her right of action on negligence only. Although she alleges fraud, there is a bare conclusion where the facts which constitute fraud are never alleged or otherwise shown. The plaintiff was not informed that "defendant was not a qualified licensed plastic surgeon"; he informed her that "he had been doing a number of implant operations" and he assured her that "this injection would not rupture the implant or cause any leakage."

The physician, however, is not a guarantor of the success of an operation. *Blount v. Moore,* 159 Ga. App. 80 (282 SE2d 720) (1981). There is no allegation that any of these statements was not made in perfectly good faith. The plaintiff does not claim that the defendant had to be licensed as a plastic surgeon in order to perform the operation which he performed, or that he had not in truth performed a number of previous implants, or that he had reason to believe the injection might rupture the implant. The physician might well have

shown himself to be negligent and incompetent, but there is none of the *animus decipiendi* which would indicate a purpose to deceive.

A plaintiff has some burden, even in opposing a motion for summary judgment, to show a basic cause of action. Where it is clear that her right of action is barred by the statute of limitations, she must show facts sufficient to constitute fraud to evade this sanction. Code § 81A-109 (b). Where confidential relations exist there is a greater duty on the actor not to conceal by silence, and there is a lessened duty on the victim who must ordinarily exercise ordinary care before acting in reliance on the statements made. But the fraud itself — that is, the intention to deceive — must still exist. See *Marlin v. Hill,* 192 Ga. 434 (15 SE2d 473) (1941); Ryan v. Wohl, South & Co., 241 Ala. 123 (1 S2d 292); Phillips Petroleum Co. v. Daniel Mtr. Co., Tex. Civ. App. (149 SW2d 979); Counts v. Kary, 67 S.D. 607 (297 NW 442). Where a fact is unknown to the actor he cannot be charged with fraud in failing to reveal it. This is the point made in the distinction relating to less elements of (duty), not less elements of (fraud). I believe this is a misconstruction and misinterpretation by the majority opinion citing *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244) (1980), which quotes from another case. For this reason I do not consider the fraud defense sufficient to toll the statute of limitations.

I am authorized to state that Judge Birdsong and Judge Carley join in this dissent.

CARLEY, Judge, dissenting.

While I totally sympathize with the result sought to be achieved by the majority, I am unable to conscientiously assert a legal basis for that result. In my opinion, the majority is motivated — at least in part — by the clearly harsh effect which the 1976 legislative amendment produced vis-a-vis medical malpractice claimants. See Code Ann. § 3-1102. In this connection, I find it extremely difficult to rationalize the fact that the statute of limitation does not begin to run upon the ordinary tort claimant until the injury is discovered, or in the exercise of ordinary care should have been discovered, while in the case of medical malpractice claimants, the statute of limitation is two years after the date on which the negligent or wrongful act or omission occurred. Our Supreme Court, even while applying Code Ann. § 3-1102, recognized the new law "to be an extremely harsh limitation in application because it has the effect, in many cases, of cutting off rights before there is any knowledge of injury." *Allrid v. Emory University,* 249 Ga. 35, 37 (285 SE2d 521) (1982). However, prescribing periods of limitation is a legislative function, not a judicial one. In this instance, the legislature has spoken. *Allrid v.*

*Emory University,* supra. Therefore, as the majority has correctly held, the right of action in this case is barred by the statute of limitations unless the statute is tolled by fraud. In this regard, however, I must join Judge Deen's dissent because there is simply not enough in this record to demonstrate the existence of fraud which, under the applicable decisions, would be sufficient to toll the running of the statute of limitation.

I am authorized to state that Presiding Judge Deen and Judge Birdsong join in this dissent.