65115. ANDERSON v. SYBRON CORPORATION.
65116. LEWALLEN v. SYBRON CORPORATION.

BIRDSONG, Judge.
The appellants in these companion cases are plaintiffs who sued appellee Sybron Corp., manufacturer of a sterilizer machine used by appellants at the Kendall Company plant in Augusta from about 1973 to 1977. The sterilizer machine utilized a chemical known as ethylene oxide (ETO), and allegedly leaked, causing gas from the sterilizer to escape. In April 1981 and July 1981 respectively, appellants Lewallen and Anderson separately sued Sybron for cataracts resulting from their contact with the gas. Both appellants first experienced physical problems which they had knowledge or notice were associated with their contact with ETO as early as 1976 and 1977.

The trial court granted summary judgment to the defendant Sybron, on the basis of the statute of limitations bar. *Held:*

We held in *King v. Seitzingers,* 160 Ga. App. 318, 320 (287 SE2d

252), a similar products liability case, that "a tort cause of action does not accrue unless the plaintiff knows or with reasonable diligence should have known that he suffered an injury. . . . [The] cause of action did not accrue and the statute of limitation did not run against him until he knew or through the exercise of reasonable diligence should have discovered not only *the nature of his injury* but also the causal connection between the injury and the alleged negligent conduct of appellee." (Emphasis supplied.) We do not find this rule so obscure or difficult to understand; it is a fair rule in the case of toxic substances whose specific injury may not be known, or which by their insidious nature may not manifest and causally be identified for some period of time.

The evidence in this case shows without material dispute that, both appellants knew or should have known as early as 1976 or 1977, that their contact with ETO was causing (and would probably continue to cause) certain physical problems, mainly associated with physical (not eye) and motor-type disabilities. The appellants ceased to work with the sterilizer machine upon the advice of their physicians. Their illnesses took various forms and worsened. In 1980 both appellants were operated on for cataracts. There is much evidence, and therefore certainly issues of fact, that appellant Lewallen was told by his physician sometime between January 1980 and August 1980, that his cataracts were caused by contact with ETO and Lewallen subsequently informed Anderson of the same. The evidence, which is not precisely clear, does show that while the treating neurologist diagnosed a link between neuropathy in general and "some toxic substance," or suspected the same but did not specifically tell the appellants, the physician did not specifically pinpoint ETO as the culprit for some time after much investigation; and the appellants did not know of the specific alleged connection between the toxic substance ETO and the cataracts until Lewallen informed the neurologist in 1980 that he was undergoing operations for cataracts. Moreover, Lewallen swears by affidavit that he "first became aware or was informed that his cataract condition was caused by ethylene ozide [sic], or he does remember . . . said date was during or after his visit of January 2, 1980 with Dr. J. Ace Brown but not later than his August 28, 1980 office visit with Dr. Melvyn G. Haas," and the evidence shows Anderson was later informed of the causal connection.

We are not swayed with appellee Sybron's argument that since as early as 1977 appellants suffered an impressive number and range of other illnesses which they knew or should have discovered were allegedly connected with ETO, the statute of limitations has as a matter of law run against them for the cataracts. The occurrence of

"an injury" (*King,* supra) means the discovery of the particular injury for which the action is brought. The fact that "an" injury occurs and the causal connection is discovered does not cause the statute of limitations to run against different injuries yet unsustained, or with reasonable diligence yet undiscovered, and not yet causally connected. *King,* supra, pp. 318-319. This is consistent with the rule in *Mobley v. Murray County,* 178 Ga. 388 (173 SE 680), that the cause of action accrues " 'when the plaintiff could first have maintained his action to a successful result.' " Appellants could not maintain an action for damages for *cataracts* allegedly caused by ETO, until they knew or should have known through the exercise of reasonable diligence not only that they had the *cataracts* but that the *cataracts* were caused by ETO. *King,* supra, p. 320. If there should be any limitation on the logic of this rule it should, we think, be legislative and not judicial. It is not for us to say, for example, that a plaintiff has no cause of action for a lung cancer allegedly caused by "Agent Orange" merely because he had suffered and causally discovered an unrelated red rash on his palms and feet, or headaches, caused by "Agent Orange," two years and one day before.

*Judgments reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1983 —
REHEARING DENIED MARCH 1, 1983 —

*G. Larry Bonner,* for appellants.
*A. Rowland Dye, A. Montague Miller,* for appellee.