72681. GOLDEN v. HUSSEY et al.
(348 SE2d 123)

BANKE, Chief Judge.

The plaintiff, a real estate developer, entered into an oral contract with defendants Hussey and his engineering firm in late 1978 to secure a topographical survey of land upon which the plaintiff intended to construct a shopping center. The agreement called for defendants to determine ground elevations and check the accuracy of a previous topographic survey of the same property, which had been prepared by another firm in 1970. In February of 1979, defendants certified in writing the accuracy of the earlier survey.

After grading of the tract had begun, a dispute arose between the plaintiff and his grading contractor, M. C. Anderson Company, concerning the amount of fill necessary to obtain the ground elevations called for by the plaintiff's plans, which had, of course, been based on the defendants' survey. The grading contractor obtained a judgment against plaintiff in federal district court in December of 1982 for the cost of the extra fill dirt required to complete the grading in accordance with the plans.

The plaintiff instituted the present action against the defendants in December of 1984, more than four years after their certification of the survey, to recover damages based on breach of contract and negligence. The trial court granted the defendants' motion for summary judgment, based upon a determination that the applicable 4-year statute of limitation had run on the action, whether it be characterized as in contract (OCGA § 9-3-25) or in tort (9-3-30). On appeal, the plaintiff contends that the statute of limitation did not begin to run until he actually sustained damage, i.e., in December of 1982, when the grading contractor obtained the judgment against him in Federal District Court. *Held*:

The plaintiff's position is founded upon the so-called "discovery rule" which, as applied in personal injury actions, provides that "a cause of action does not accrue . . . until the plaintiff discovers or with reasonable diligence should have discovered not only the injury but the cause of the injury. [Cits.]" *King v. Seitzingers, Inc.*, 160 Ga. App. 318, 319 (287 SE2d 252) (1981).

Even assuming arguendo the applicability of the discovery rule to the case before us, the evidence of record establishes without dispute that the plaintiff was aware in early 1980 that his grading contractor had found the results of the defendants' survey to be inaccurate. Indeed, an independent survey of the property commissioned in March

of 1980 confirmed the inaccuracies. Thus, the trial court was clearly correct in granting summary judgment to the defendants based on the running of the statute of limitations.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 16, 1986.

*Alan S. Lowe*, for appellant.
*Darlene Y. Ross*, for appellees.