A91A1234, A91A1235. DEANS v. DAIN MANAGEMENT, INC. et al. (two cases).
A91A1236. DAIN MANAGEMENT, INC. v. DEANS.
(411 SE2d 354)

COOPER, Judge.

Appellant began working for the Environmental Protection Agency ("EPA") in Atlanta in June 1984. EPA's offices were housed in two buildings, a five-story building on Courtland Street (hereinafter referred to as the "Courtland" building) and a high-rise office building on Ralph McGill Boulevard (hereinafter referred to as the "Tower" building). Both EPA buildings were managed by Dain Management, Inc. ("Dain"). Appellant's office was located on the fourth floor of the Tower building; however she made numerous visits to the Courtland building, which was connected to the Tower building on the third and fourth floors by enclosed corridors.

Between February 1984 and August 3, 1984, office partitions made by Open Office Products, Inc. ("Open Office") were installed on the first, second, third, and fourth floors of the Courtland building. When appellant visited the Courtland building during that period of time, she noticed that an unpleasant odor emanated from the parti-

tions. Within two months after appellant began working for the EPA, she heard people who worked in the Courtland building complaining of eye and throat irritations, which they attributed to the partitions. Between August 15, 1984 and September 10, 1984, tests were conducted on air samples taken from the Tower and Courtland buildings, which concluded that the levels of formaldehyde in both buildings were in excess of the recommended standard for formaldehyde exposure. Also, in 1984, a study by the National Institute of Occupational Safety & Health concluded that the volume of fresh air in the Courtland building was inadequate and the building's ventilation should be improved.

As a result of employee complaints, the EPA had the partitions removed from the Courtland building. All of the partitions were removed by June 19, 1985. Some of the partitions were sent to a lab for tests, which showed that the partitions were offgassing excessive amounts of formaldehyde and the main source of the formaldehyde was its fiberboard core. The fiberboard core used by Open Office to make the partitions was manufactured by Medford Corporation ("Medford") and sold under the tradename of "Medite" to Spellman Hardwoods ("Spellman"), which then sold it to Open Office. Medford included the following warning with the sale of Medite: "Medite contains formaldehyde. Formaldehyde may cause health problems such as eye and respiratory irritation and may aggravate respiratory conditions or allergies. Medite should not be used in enclosed areas where formaldehyde could be a problem unless properly sealed."

The partitions containing the Medite core were replaced with partitions which did not contain the Medite core. In January 1986, appellant was transferred to the Courtland building. Her work area was surrounded by three partitions. In February 1986, appellant began experiencing symptoms similar to those of a sinus infection. Appellant took several days off from work during which time she felt much better, but when she returned to work on February 24, 1986, she began to experience the same symptoms. On March 4, 1986, appellant sought treatment with Dr. Paul Rabinowitz, an allergist who had treated other EPA employees. Appellant told Dr. Rabinowitz during her initial visit that she worked at the EPA and that a source of her problems may be partitions which were releasing formaldehyde. Appellant continued to see Dr. Rabinowitz for several months and on November 13, 1986, Dr. Rabinowitz confirmed that chemicals in appellant's work environment were causing her allergic reactions. Appellant was subsequently diagnosed as having asthma and an auto-immune system disorder. The medical evidence reflects that both asthma and auto-immune disorders can be caused by formaldehyde sensitivity.

On February 29, 1988, appellant filed a complaint based on theo-

ries of negligence and strict liability against Dain, Spellman, Open Office and Medford, alleging that she had suffered permanent injuries as a result of inhaling formaldehyde at her workplace. Appellant subsequently dismissed her action against Spellman, and the remaining defendants moved for summary judgment. The trial court granted Medford's and Open Office's motions on the grounds that there was a lack of a causal connection between appellant's injury and the partitions. The trial court also granted Dain's motion with respect to appellant's alleged injuries of formaldehyde sensitization and asthma based on the expiration of the statute of limitation. However, the trial court denied Dain's motion as to appellant's contention that the formaldehyde exposure caused her to suffer with an auto-immune disorder. The trial court subsequently amended its order to alternatively grant summary judgment to Medford and Open Office based on the statute of limitation.

In Case No. A91A1234, appellant appeals from the trial court's grant of summary judgment to Dain, Medford and Open Office. In Case No. A91A1235, appellant appeals from the trial court's amended order, and in Case No. A91A1236, Dain cross-appeals from that part of the trial court's order which denied Dain's motion for summary judgment.

### Case No. A91A1235

Appellant filed a notice of appeal from the trial court's first order on August 30, 1990. On August 31, 1990, the trial court entered its second order which amended the first order. Appellant argues that the trial court erred in amending its order after a notice of appeal had been filed from that order. "[T]he filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter, or modify the judgment . . . are without effect. [Cits.]" *Brown v. Wilson Chevrolet-Olds, Inc.*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979). Thus, the trial court had no jurisdiction to amend its order and we have no jurisdiction to consider the appeal. *Bishop v. Typo-Repo Svcs.*, 188 Ga. App. 581 (373 SE2d 762) (1988). Accordingly, this appeal is dismissed.

### Case Nos. A91A1234 and A91A1236

1. Appellant first contends that the trial court erred in granting summary judgment to Medford and Open Office on the issue of proximate cause. It is undisputed that when appellant began working in the Courtland building in January 1986, the partitions containing the Medite core had been removed and replaced with partitions which were formaldehyde free. However, appellant argues that her exposure

to formaldehyde fumes occurred during 1984 and 1985 and sensitized her to the extent that she is unable to tolerate breathing even small amounts of formaldehyde. Medford and Open Office argue that appellant's alleged formaldehyde sensitization was caused by other sources of formaldehyde in the air in the Tower building. The evidence reflects that the Tower and Courtland buildings had separate heating/air conditioning and ventilation systems; that formaldehyde fumes are present in cigarette smoke and paper products; that the EPA did not have a "no smoking" policy during 1984 and 1985; and that appellant handled paper products as part of her job. There is also evidence in the record that formaldehyde has a density similar to that of air such that it freely migrates through the air; that formaldehyde will permeate from one room to another just as air does; that tests conducted on air samples from the Tower building over a three week period between August 15, 1984 through September 10, 1984 revealed levels of formaldehyde in the Tower building in excess of the recommended standard for formaldehyde exposure. Dr. Elaine Panitz, an occupational and environmental specialist, testified in her deposition on appellant's behalf that in her opinion appellant's formaldehyde sensitization occurred between June 1984 and June 1985 and that appellant began manifesting symptoms of sensitization in June 1985. The trial judge found that there were sufficient other sources of formaldehyde in appellant's work environment to account for the 1984 formaldehyde readings and that there was a lack of causal connection between the partitions installed in the Courtland building and appellant's sensitization to formaldehyde while she worked in the Tower building. "On motion for summary judgment, all doubts as to evidence and the benefit of any conflict are to be indulged in favor of the opposing party and construed against the movant. [Cit.] If the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact must be drawn against the movant and in favor of the party opposing the motion. [Cit.]" *Barlow v. Orkin Exterminating Co.*, 196 Ga. App. 822, 823 (397 SE2d 170) (1990). While there is evidence that formaldehyde from sources other than the partitions with the Medite core could have caused the elevated levels of formaldehyde in the Tower building, we find that it is also a permissible inference that formaldehyde offgassed from the partitions installed in the Courtland building migrated into the Tower building causing the elevated levels. "The cardinal rule of the summary procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. [Cit.]" *Daniel v. Bank South Corp.*, 183 Ga. App. 274, 277 (358 SE2d 664) (1987). We conclude that an issue of fact was raised as to the causal connection between appellant's formaldehyde sensitization and the partitions with the Medite core. Therefore, the trial court erred in granting summary

judgment to Medford and Open Office.

2. Appellant also contends that the trial court erred in granting partial summary judgment to Dain based on the statute of limitation. Appellant alleges that she suffered three distinct injuries as a result of her exposure to formaldehyde in the workplace: formaldehyde sensitization, asthma, and an auto-immune system disorder. She argues that since she did not receive a medical diagnosis of a formaldehyde-induced problem until November 13, 1986, her action filed on February 29, 1988 was timely. Appellant's injuries are all based on her exposure to chemicals in the atmosphere and subject to the discovery rule enunciated in *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981). This court held in *King* that " '[a] cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct.' [Cit.]" Id. at 320. The trial court applied the discovery rule and concluded that appellant discovered that Dain's conduct may have been the cause of her allergic-type reaction, including her asthma, on February 24, 1986; therefore, the statute of limitation expired on February 24, 1988. We disagree and reverse. Although appellant may have believed on February 24, 1986, that something in her workplace was causing her recurrent health problems, it is not clear that on that date she associated her problems with the conduct of defendants Dain, Medford and Open Office. Furthermore, any belief that appellant may have had that the office partitions were a source of her problems was erroneous inasmuch as the partitions surrounding her at that time were formaldehyde free. The relevant inquiry for purposes of applying the discovery rule in this case is whether on February 24, 1986, appellant associated her health problems with either the conduct of Dain in failing to adequately ventilate the Tower building in 1984 and 1985, the conduct of Open Office in manufacturing the partition which was installed in the Courtland building in 1984, or the conduct of Medford in manufacturing the Medite core which was the main source of the formaldehyde emitting from the partitions. We do not hold, as appellant argues, that a medical diagnosis is necessary before the statute of limitation begins to run. We hold in accordance with *King* that under the facts of this case, on February 24, 1986, appellant neither knew, nor through the exercise of reasonable diligence should have known, that her symptoms were the result of having been sensitized to formaldehyde between 1984 and 1985. See *Andel v. Getz Svcs.*, 197 Ga. App. 653 (1) (399 SE2d 226) (1990). Accordingly, we hold that the trial court erred in finding that appellant's action was filed outside the statute of limitation and in granting summary judgment to Dain. For the foregoing reasons, the trial court correctly denied summary judgment to Dain

on appellant's auto-immune disease, and the judgment appealed from in Dain's cross-appeal is affirmed.

*Judgment reversed in Case No. A91A1234. Judgment affirmed in Case No. A91A1236. Appeal dismissed in Case No. A91A1235. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1991.

*Middleton & Anderson, Eugene C. Brooks IV*, for appellant.
*Carter & Ansley, Ben Kingree III*, for appellees.