## 64178. HART v. ELDRIDGE.

BIRDSONG, Judge.

Medical Malpractice — Statute of Limitations. This case appeared before this court in the April Term of 1981 upon a grant of summary judgment to the appellee in that case (and this), Dr. Eldridge. *Hart v. Eldridge,* 158 Ga. App. 834 (282 SE2d 369). It was established that Mrs. Hart's husband had an employment-related accident and as a result was X-rayed on September 30, 1975. Mrs. Hart asserted that Dr. Eldridge misread the X-ray and therefore did not observe or alert Mr. Hart to an abdominal aortal aneurysm which allegedly was discernible in the X-ray. On February 2, 1977, Mr. Hart collapsed as a result of the rupture of that aneurysm and died two

days later. Mrs. Hart filed the present complaints on January 31, 1979, alleging wrongful death and pain and suffering arising from Dr. Eldridge's negligence. The trial court granted summary judgment to Dr. Eldridge holding that the statute of limitations barred the actions.

This court considered the impact of Code Ann. § 3-1105, effective July 1, 1976, upon the provisions of Code Ann. § 3-1004 as it existed at the time of the X-ray in September, 1975. The substance of the change was to start the running of the statute in medical malpractice cases from the time of the occurrence giving rise to a claim (new Code Ann. § 3-1102, the 1976 amendment) rather than from the time the claimant became aware of the existence of a claim (Code Ann. § 3-1004, the statute prior to amendment and the one in effect in September, 1975). This court in analyzing Code Ann. § 3-1105 concluded that the grace period granted in Code Ann. § 3-1105 of one year from July 1, 1976 to July 1, 1977 had the effect of extending the life of Code Ann. § 3-1004 as to malpractice claims for one year, thus authorizing the bringing of a suit for medical malpractice within two years of the claimant's awareness of a claim but not later than June 30, 1979 (assuming the claimant did not become aware of a claim until as late as June 30, 1977). Inasmuch as Mrs. Hart had filed her complaint on January 31, 1979, this court concluded that Mrs. Hart had filed her complaint in a timely fashion and reversed the grant of summary judgment. While the case was pending trial on the merits, the Supreme Court rendered its decision in the case of *Allrid v. Emory University,* 249 Ga. 35 (285 SE2d 521). In that case, the Supreme Court expressly repudiated the reasoning (and by implication the result) of this court in the *Hart* case, supra, holding that Code Ann. § 3-1105 caused Code Ann. § 3-1102 to become effective July 1, 1976 but granted one additional year for a medical malpractice complainant to file apparently whether time was computed from the date of occurrence or the time the complainant became aware of the injury. In other words, the Supreme Court concluded that the one-year grace period granted the injured party one additional year to file but did not extend one year's additional life to Code Ann. § 3-1004. Within the context of the *Allrid* case, supra, inasmuch as Code Ann. § 3-1102 became effective July 1, 1976 and that section requires the filing of a complaint within two years of the occurrence of which complaint is made (plus the one additional year granted by Code Ann. § 3-1105), Mrs. Hart was required to file within three years of September 30, 1975 or September, 1978. Her complaint not being filed until January 31, 1979, upon motion, the trial court once again granted summary judgment to Dr. Eldridge based upon the running of the statute of

limitations. Mrs. Hart brings the present appeal enumerating as error the second grant of summary judgment to Dr. Eldridge. *Held:*

1. Mrs. Hart argues most persuasively that this court's decision in the first *Hart* case in 1981 established the law of the case to the effect that the statute of limitations had not run and though the Supreme Court repudiated the reasoning of this court in the *Hart* case in its decision in *Allrid v. Emory University,* supra, the Supreme Court did not reverse or overrule the *Hart* decision. See Code Ann. § 81A-160 (h) ("Provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.")

As a closely related case, Mrs. Hart cites to this court the case of *Redmond v. Blau,* 153 Ga. App. 395 (265 SE2d 329). In the *Blau* I case (143 Ga. App. 897, 904 (240 SE2d 273)), the trial court, while declining to rule that certain documents were or were not securities, held the documents were exempt from the registration provisions of the Georgia Securities Act because the owners of the documents could cause them to mature in less than nine months. On appeal this court concluded, upon analysis, the documents were securities and did not fall within the exemption relied upon by the trial court. This court reversed the decision granting summary judgment and returned the case for further proceedings. We note here that the trial court did not rule that the documents were or were not securities but only that because maturity could be called in less than nine months they were not required to be registered.

Subsequently, the Supreme Court in *Dunwoody Country Club v. Fortson,* 243 Ga. 236 (253 SE2d 700) in rendering a declaratory judgment as to whether certain certificates issued by Dunwoody Country Club were or were not securities, made passing reference to the *Blau* I decision. In considering the language in the *Blau* case, supra, the Supreme Court stated at p. 238: "The *approach* followed by the Court of Appeals does not tally with the actual approach used by the federal courts (fn. 2. We express no opinion as to the result in *Blau v. Redmond,* on which we denied certiorari) and is not, we believe, the correct way to proceed in deciding securities cases." Subsequently after further proceedings in the *Blau* case, the trial court granted summary judgment to the security holders (the opposite result from the first proceedings). Upon appeal, the appellants in *Blau* II sought to obtain reversal arguing that the documents were not securities. This court in *Blau* II (153 Ga. App. 395, supra) concluded that it had been held by this court in *Blau* I that the documents were securities and that decision had not been reversed by either this court or the Supreme Court and therefore was

binding on the trial court as "the law of the case." We have no dispute with such a conclusion for at no point in the proceedings either in *Blau* I, *Blau* II or in the reference to *Blau* in the *Dunwoody Country Club* case was the finding that the documents were securities disavowed or disapproved.

We find a significant difference in this case. As a matter of law, this court made an erroneous interpretation of a statute, applying the grace period involved in Code Ann. § 3-1105 to a repealed portion of a statute rather than to the time allowed the claimant to file a complaint arising out of an injury. While the *Hart* case was still pending trial, the Supreme Court wholly repudiated this reasoning, specifically relating that repudiation to this court's decision in *Hart v. Eldridge,* supra. Under such circumstances, we agree with the trial court that this effectively destroyed the basis for and therefore the holding of this court in the *Hart* case, supra, and was tantamount to an overruling of that case. Inasmuch as the case was not before the Supreme Court, obviously it could not act directly upon the case. However, we are satisfied that the pronouncement of the highest court in our state that the rule of law relied upon by this court was incorrect and would not be followed effectively became "law of the case." Applying the rule as announced by the Supreme Court in *Dunwoody Country Club,* supra, we find no error by the trial court in granting summary judgment to Dr. Eldridge based upon the running of the statute of limitations.

2. In a second argument, Mrs. Hart contends that one of her two actions was for the wrongful death of her husband. Her argument continues that because death did not occur until February 4, 1977 and her suit was filed on January 31, 1979, her complaint was filed timely. Though we consider the argument ingenius, the fact remains that the basis of her wrongful death action is the alleged medical malpractice of Dr. Eldridge. That procedure occurred on September 30, 1975. Although death did not occur for over sixteen months, Mrs. Hart still is proceeding pursuant to the time restraints of Code Ann. § 3-1102. As indicated in the preceding division of this opinion, the filing on January 31, 1979 was not timely.

3. Lastly, Mrs. Hart argues that the trial court violated the admonition of the Supreme Court made upon its first transfer to this court, i. e., that the provision of Code Chapter 3-11 could not be applied unconstitutionally to her cause of action. It is her argument that by applying Code Ann. § 3-1105 (and hence Code Ann. § 3-1102, both effective in 1976) to an incident occurring in 1975, the trial court did unconstitutionally apply the newly amended provisions of Chapter 3-11 to her cause of action.

Paraphrasing *Allrid,* supra, p. 37, we find that the record

discloses two injuries claimed by Mrs. Hart to have been related to the misreading of the X-ray: the unnecessary risk to which Mr. Hart was exposed by not being told that he had an abdominal aortal aneurysm culminating in the rupture thereof without any opportunity for remedial treatment; and secondly, his ultimate death resulting therefrom. If Mrs. Hart contends her cause of action relates to the negligent reading of the X-ray resulting in no remedial treatment, this occurred in September, 1975. Thus, her claim is barred by Code Ann. § 3-1004 because more than two years elapsed between the occurrence and the bringing of the lawsuit. If Mrs. Hart's claim is that the ascertainable injury occurred on February 2, 1977 (the aortal rupture) and not until that time did a cause of action arise, her right to bring the lawsuit did not come into being until after the enactment of Code Ann. § 3-1102 which removed medical malpractice actions from the scope of Code Ann. § 3-1004. It cannot be said that the enactment of Code Ann. § 3-1102 operated to deprive Mrs. Hart of a vested right. Therefore, we conclude that Code Ann. § 3-1102 has not been unconstitutionally applied to Mrs. Hart.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 16, 1982 —
REHEARING DENIED JULY 29, 1982.

*Warner R. Wilson, Jr., N. Sandy Epstein,* for appellant.
*Wade G. Coleman,* for appellee.