## 64178. HART v. ELDRIDGE.

BIRDSONG, Judge.

Our judgment in *Hart v. Eldridge,* 163 Ga. App. 295 (293 SE2d 550) has been reversed in part by the Supreme Court on certiorari (*Hart v. Eldridge,* 250 Ga. 526 (299 SE2d 560)). In Division 2 of our decision at p. 298, we held that the statute of limitations pertaining to medical malpractice (OCGA § 9-3-71 (Code Ann. § 3-1102)) governed the complaint filed by Mrs. Hart even though the alleged misfeasance (the misreading of an X-ray) failed to disclose an aneurysm that subsequently caused the death of Mr. Hart. We concluded that the subsequent wrongful death was not the product of malpractice in that the misreading of the X-ray, the act of malpractice, did not cause death. In substance the Supreme Court has concluded that where an

act of medical malpractice has led to death, the appropriate statute of limitations is that pertaining to wrongful death (i.e., two years measured from the time of death) and not the statute pertaining to medical malpractice (i. e., two years from the date of the act or omission connected to or that led to the ultimate death). Therefore, Division 2 of our opinion is vacated, and the opinion of the Supreme Court is made our opinion as relates to the wrongful death portion of Mrs. Hart's complaint.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 28, 1983 —
REHEARING DENIED MAY 26, 1983 —

*Warner R. Wilson, Jr., N. Sandy Epstein,* for appellant.
*Wade G. Coleman,* for appellee.