42225.  WELLSTON COMPANY v. SAM N. HODGES, JR. & COMPANY et al.

Submitted September 6, 1966—Decided October 7, 1966.

*Westmoreland, Hall & Penetcost, Donald E. O'Brien, John L. Westmoreland, Jr.,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall, Tindall & Tindall, Joseph D. Tindall, Jr.,* for appellee.

JORDAN, Judge. Contrary to the contention of the plaintiff, its right of action against the defendants accrued when the defendants committed the negligent acts complained of and not when the building ultimately collapsed as a result of such

negligence. The alleged negligent design and construction of the building in and of itself constituted a legal injury to the plaintiff, however slight the actual damages may have been at the time; this is true, notwithstanding the fact that the plaintiff had no knowledge of such wrongs having been committed until the roof collapsed some four years later. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation. *Crawford v. Gaulden*, 33 Ga. 173, 188; *Davis v. Boyett*, 120 Ga. 649 (48 SE 185, 66 LRA 258, 102 ASR 118, 1 AC 386); *Barrett v. Jackson*, 44 Ga. App. 611 (162 SE 308); *Mobley v. Murray County*, 178 Ga. 388 (173 SE 680); *Silvertooth v. Shallenberger*, 49 Ga. App. 133 (2) (174 SE 365).

As stated by the Supreme Court in the *Mobley* case (Headnote 1), "When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.' . . . A right of action has its inception from the time there has been a breach of duty; and this would entitle the party to file a suit for the breach, without regard to whether any actual damage had in fact resulted." Clearly, it cannot be seriously contended that if the plaintiff had discovered the negligence of the defendants at the time it was committed, it would have had no right of action against them simply because the building had not at that time fallen down.

Under the facts alleged in the petition, the wrong was certainly completed when the roof began to sag a few months after construction of the building and a cause of action could have been maintained at that time for the damage thus incurred. The legal injury was complete and the bar of the statute attached at such time.

The case of *Athens Mfg. Co. v. Rucker*, 80 Ga. 291 (3) (4 SE 885), relied upon by the plaintiff, involved a situation where the original act committed by the defendant from which injury to the plaintiff ultimately resulted did not at the time of its commission constitute a breach of any legal duty owed by the defendant to the plaintiff and was not in and of itself a legal injury as against the plaintiff. The plaintiff's right of action

did not, and could not, accrue until the resulting damage actually occurred. In the present case the plaintiff was legally injured when the alleged negligent acts with resulting damage were committed. The distinction between the situation exemplified by the *Rucker* case, and that of the present case, is clearly shown by the following quote from the decision of this court in *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (2), supra: "The test to be generally applied in determining when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act complained of does not in and of itself constitute an invasion of some legal right, but a recovery is sought only on account of damage subsequently accruing from and consequent upon an act not in itself tortious, the cause of action will be taken to accrue and the statute to begin to run only when the resultant damage is sustained. But if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time such an act is committed, however slight the damage then may be." The cases of *City Council of Augusta v. Lombard,* 101 Ga. 724 (28 SE 994) and *Vickers v. City of Fitzgerald,* 216 Ga. 476 (117 SE2d 316), also relied upon by the plaintiff, were based upon the maintenance of continuing nuisances and likewise have no application to this case.

Since the plaintiff's petition affirmatively disclosed that its right of action had accrued when the negligent acts were committed in 1957 resulting in damage to the plaintiff though unknown to him at the time, a period of time more than four years prior to the filing of this action in 1965, and since the petition did not allege any facts which would prevent the bar of the applicable four-year statute of limitation (*Code* § 3-1001), the trial court did not err in sustaining the defendants' general demurrers based upon the bar of the statute.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*