## 66614. MILLARD MATTHEWS BUILDERS, INC. v. PLANT IMPROVEMENT COMPANY, INC.

DEEN, Presiding Judge.

Appellee, Plant Improvement Company, Inc., commenced this action against the appellant, Millard Matthews Builders, Inc., and two subcontractors, seeking to recover damages allegedly resulting from the defendants' negligent design and construction of a building. It is undisputed that construction of the appellee's commercial building was completed by the appellant in 1974, and that on August 31, 1979, a portion of the roof collapsed, resulting in damages claimed by the appellee to exceed $48,000. The appellee's complaint was filed on March 25, 1982, within 4 years of the roof's collapse, but almost 8 years from the completion of the construction. On appeal from the trial court's denial of the motion for summary judgment, the appellant contends that the appellee's action was barred by the applicable statute of limitation. *Held:*

OCGA § 9-3-30 (Code Ann. § 3-1001) provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." A cause of action by a property owner for damage to a building resulting from negligent construction or design accrues at the time of the completion of the building. *U-Haul Co. of Western Ga. v. Abreu & Robeson, Inc.,* 247 Ga. 565 (277 SE2d 497) (1981); *Atlanta Gas Light Co. v. City of Atlanta,* 160 Ga. App. 396 (287 SE2d 229) (1981); *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424 (151 SE2d 481) (1966). In *Wellston,* concerning facts similar to the instant case, this court emphasized that "[t]he alleged negligent design and construction of the building in and of itself constituted a legal injury to the plaintiff, however slight the actual damages may have been at the time; this is true, notwithstanding the fact that the plaintiff had no knowledge of such wrongs having been committed until the roof collapsed some four years later. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation." *Id.* at 426. Accordingly, inasmuch as the appellee's complaint was filed almost 8 years after the completion of the building, the trial court erred in denying the appellant's motion for summary judgment relative to any damage to the building.

An action for damage to personal property resulting from any negligent construction, however, was not similarly barred, because the cause of action did not accrue until the actual injury to that property occurred. *U-Haul Co. of Western Ga. v. Abreu & Robeson, Inc.,* supra. The appellee's complaint only alleged general damages of $48,084.87, and there was no evidence in the record on appeal

excluding the possibility of damage to personalty. It follows that the trial court's denial of summary judgment for the appellant was proper as to any damage to personal property sustained when the roof of appellee's building collapsed.

*Judgment reversed in part; affirmed in part. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED SEPTEMBER 9, 1983.

Daniel A. Angelo, Steven J. Misner, for appellant.
J. M. Hudgins IV, James M. Poe, Charles M. Goetz, Jr., George M. Geeslin, for appellee.

CARLEY, Judge, concurring specially.

I totally agree with that portion of the majority opinion affirming the trial court's denial of summary judgment as to any damage to personal property sustained when the roof of appellee's building collapsed. I concur in the judgment of the majority reversing the denial of summary judgment with regard to damage to the building solely because we are bound by the Supreme Court's decision in *U-Haul Co. of Western Ga. v. Abreu & Robeson, Inc.,* 247 Ga. 565 (277 SE2d 497) (1981).