68695. LUMBERMEN'S MUTUAL CASUALTY COMPANY, INC. v. PATTILLO CONSTRUCTION COMPANY, INC.
(323 SE2d 649)

SOGNIER, Judge.

Lumbermen's Mutual Casualty Company, as subrogee to Jack Greene, filed suit against Pattillo Construction Company, Inc. (Pattillo) for damages to a building constructed by Pattillo for Greene. The complaint sounded in tort, warranty, and breach of contract, relying on the written agreement between Greene and Pattillo. Pattillo moved for summary judgment, asserting as a bar the six-year statute of limitation for actions arising under a written contract (OCGA § 9-

3-24). The trial court granted Pattillo's motion and Lumbermen's Mutual Casualty Company appeals.

1. Appellant contends the trial court erred by finding that the contract in issue was not a contract under seal and thus was not subject to the twenty-year statute of limitation provided by OCGA § 9-3-23. The original contract between Greene and appellee, executed in May 1972, made no reference to the use of a seal; however, a later amendment recited at its conclusion: "IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this 7 day of August, 1972." It is uncontested that although Greene signed his name on the amendment followed by the word "(seal)," appellee did *not* put the word "seal" or "L.S." or any other indication of seal after its signature at any point on the contract.

"To constitute a sealed instrument, it must contain a recital in the body of the instrument to the effect that it is given under seal, and the signature of the party to the instrument must have attached thereto a seal or scroll. In other words, the rule is that there must be both a recital in the body of the instrument of an intention to use a seal and the affixing of the seal or scroll after the signature. [Cits.]" *Chastain v. L. Moss Music Co.*, 83 Ga. App. 570-571 (64 SE2d 205) (1951). In the absence of some representation of a seal to appellee's signature, the note was not a sealed instrument as to appellee and the twenty-year statute of limitation under OCGA § 9-3-23 is not applicable. See *Lanier v. Berry*, 41 Ga. App. 34 (151 SE 821) (1929); *Marshall v. Walker*, 50 Ga. App. 551, 552 (2) (178 SE 760) (1934).

2. We find no merit in appellant's argument that the presence of Greene's seal raised a question of fact whether the one seal was a sufficient indication of both parties' intention to render the contract a sealed instrument as to both Greene and appellee. "In order to render a [contract] a sealed instrument, the intention to execute it as such must appear both in the body of the instrument and after the signature. [Cits.]" *Johnson v. Intl. Agricultural Corp.*, 41 Ga. App. 740 (1) (154 SE 465) (1930). The presence of an express indication of intent both in the body of the instrument and after the signature is necessary to raise a simple contract to the status of a contract under seal. *Marshall*, supra. The trial court did not err by finding that Greene's use of a seal was not binding on appellee.

3. Appellant contends the trial court erred by granting appellee's motion for summary judgment on the basis that appellant's cause of action was barred by application of the six-year statute of limitation in OCGA § 9-3-24. We find no merit in appellant's arguments that the date for determining when its cause of action accrued under OCGA § 9-3-24 should have been the date of the collapse of the building's roof. "'Under Georgia law, the statute of limitations runs from the time the contract is broken "and not at the time the actual damages re-

sults or is ascertained." [Cits.]' [Cits.] Thus it was held in *Wellston Co. v. Sam N. Hodges, Jr. & Co.*, 114 Ga. App. 424 (151 SE2d 481) (1966) that a cause of action 'arising out of the alleged negligent design and construction of a building by the defendants under contract with the plaintiff accrued and the statute of limitation started to run when the negligent acts were committed resulting in damage to plaintiff, and not when a portion of such building later collapsed as a result of the defendants' negligence in improperly designing and constructing it.' [Cits.]" *Space Leasing v. Atlantic &c. Systems*, 144 Ga. App. 320, 324 (2) (241 SE2d 438) (1977). See also *Millard Matthews Bldrs. v. Plant Improvement Co.*, 167 Ga. App. 855 (307 SE2d 739) (1983); *Atlanta Gas Light Co. v. City of Atlanta*, 160 Ga. App. 396, 397 (1) (a) (287 SE2d 229) (1981).

In the instant case, it is uncontroverted that construction of the building was completed late in August 1972 and appellant's subrogor took possession of the building on or before November 8, 1972. Appellant's complaint on a simple contract in writing was not filed until March 3, 1979, more than six years after the cause of action accrued. Thus, the action was barred by the provisions of OCGA § 9-3-24 and the trial court did not err by granting appellee's motion for summary judgment. *R. L. Sanders &c. Co. v. Miller*, 153 Ga. App. 225, 226 (264 SE2d 731) (1980).

4. Appellant's argument that this application of the statute of limitation is unconstitutional cannot be considered by this court as the question was not properly raised in the trial court. *McDaniel v. Anderson*, 155 Ga. App. 942, 943 (274 SE2d 56) (1980).

*Judgment affirmed. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED OCTOBER 5, 1984 —
REHEARING DENIED OCTOBER 29, 1984 ▮▮▮▮▮▮▮

*Stephen L. Cotter, Sergio O. Alvarez, Jonathan M. Engram*, for appellant.
*Lowell S. Fine, G. Michael Banick*, for appellee.