41776. LUMBERMEN'S MUTUAL CASUALTY COMPANY
v. PATTILLO CONSTRUCTION COMPANY, INC.
(330 SE2d 344)

HILL, Chief Justice.

We granted certiorari to determine whether the "discovery rule" applicable in personal injury actions where the statute of limitations is raised is applicable in this property damage case. Lumbermen's Mut. Cas. Co., Inc. v. Pattillo Constr. Co., Inc., 172 Ga. App. 452 (323 SE2d 649) (1984). The facts are as follows:

Jack Greene[1] entered into a contract with defendant Pattillo Construction Co. for the construction by the defendant of an office building on property owned by the defendant. Because the defendant initiated construction without working drawings approved by Greene, by amendment to the contract the defendant agreed to assume all the responsibility of an architect for this project. The closing date for the transfer of title of the property on which the building was located was on November 8, 1972.[2] The trial court found that the building was substantially completed on or before that date.

On March 7, 1975, the building was severely damaged by high winds, resulting in damage to the building and its contents. The complaint initiating this action was filed on March 3, 1979. As amended, the complaint alleges causes of action arising in tort (negligent design and construction), breach of contract, and breach of express and implied warranties. It seeks to recover for damage to the building and its contents.

The trial court granted the defendant's motion for summary judgment as to plaintiff's claim for damages to the building (but not its contents[3]) based upon the six-year statute of limitations for actions arising under a written contract, OCGA § 9-3-24, and the Court

---

[1] Greene's insurer, Lumbermen's Mutual Casualty Co., has been subrogated to Greene's rights and is the plaintiff in this case.

[2] In this connection, see Worthey v. Holmes, 249 Ga. 104 (287 SE2d 9) (1982).

[3] See Millard Matthews Builders v. Plant Improvement Co., 167 Ga. App. 855 (307 SE2d 739) (1983).

of Appeals affirmed.

OCGA § 9-3-24, supra, provides that "All actions upon . . . simple contracts in writing shall be brought within six years after the same become due and payable." As for breach of construction contracts, it has been held that the six-year statute of limitations runs from the date of substantial completion of the building. *Space Leasing Assoc. v. Atlantic Building Systems*, 144 Ga. App. 320 (2) (241 SE2d 438) (1977). Hence, we affirm the Court of Appeals insofar as it held that plaintiff's breach of contract claim is barred by OCGA § 9-3-24, supra.

On certiorari, plaintiff does not argue breach of warranty, express or implied, and thus we do not deal with those causes of action which the trial court found to be barred. Plaintiff does urge that its cause of action for damage to the building based upon alleged negligent design and construction should not be time-barred, pointing out the anomaly that its cause of action for damage to its personal property is not barred,[4] and that its proof of the defendant's alleged negligence will be the same at trial for both damage to the building and its contents.

Neither the trial court nor the Court of Appeals expressly considered OCGA § 9-3-30, which provides that "All actions for . . . damage to realty shall be brought within four years after *the right of action accrues*." (Emphasis supplied.) A person might say that because 6 years is more than 4 years, if the six-year statute of limitations applicable to written contracts not under seal has run, then clearly this four-year statute has run. But, that depends on when the four-year period commences.

In *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981), the plaintiff, a welder, worked on a smokestack in April 1977, at defendant's plant where discarded batteries were melted. He experienced dizziness and had to quit work in May. He learned that he had lead poisoning by September 1977, but did not learn that it was causally connected to lead fumes from defendant's plant until several months thereafter. Suit for personal injury was filed on October 9, 1979. The Court of Appeals recognized that there are four points at which a tort cause of action may accrue: (1) When the defendant breaches his duty; (2) when the plaintiff is first injured; (3) when the plaintiff becomes aware of his injury; or (4) when the plaintiff discovers the causal relationship between his injury and the defendant's breach of duty.

In *King*, the Court of Appeals adopted the "discovery rule," which this court has approved.[5] That rule, as stated by the Court of

---

[4] See footnote 3.

[5] *McAuley v. Wills*, 251 Ga. 3, 4 (303 SE2d 258) (1983); *Synalloy Corp. v. Newton*, 254 Ga. 174 (326 SE2d 470) (1985).

Appeals (160 Ga. App. at 320), is that a plaintiff's cause of action does not accrue, and the statute of limitations does not commence to run, until he knew, or through the exercise of reasonable diligence should have discovered, not only the nature (identity) of his injury but also the causal connection between the injury and the alleged negligent conduct of the defendant.

The Court of Appeals expanded the "discovery rule" in *Anderson v. Sybron Corp.*, 165 Ga. App. 566 (299 SE2d 160) (1983), so as not to bar plaintiff's cause of action until discovery of the "particular injury" for which recovery is sought, and this court affirmed that decision as written. *Sybron Corp. v. Anderson*, 251 Ga. 593 (310 SE2d 232) (1983).

At issue in *King*, supra, was Code Ann. § 3-1004, now OCGA § 9-3-33. In pertinent part, it provides that "Actions for injuries to the person shall be brought within two years after *the right of action accrues. . . .*" (Emphasis supplied.) The Court of Appeals in *King* held, in effect, that "the right of action accrues" under OCGA § 9-3-33 upon discovery of the injury and its cause.

If the words "the right of action accrues" in OCGA § 9-3-33 (injuries to the person) mean that it accrues upon discovery, *King*, supra, then the words "the right of action accrues" in OCGA § 9-3-30, supra (damage to realty), should mean that it accrues upon discovery. Logic cannot justify construing these words in one statute of limitations code section to mean one thing and construing them in another code section to mean something different. We must therefore expressly consider the validity of *King v. Seitzingers* in the context of OCGA § 9-3-30 in issue here.

The rule as to OCGA § 9-3-30, formerly Ga. Code § 3-1001, as applied to building construction has been as follows: "The plaintiff's cause of action to recover damages in tort arising out of the alleged negligent design and construction of a building by the defendants under contract with the plaintiff accrued and the statute of limitation started to run when the negligent acts were committed resulting in damage to plaintiff, and not when a portion of such building later collapsed as a result of the defendants' negligence in improperly designing and constructing it." *Wellston Co. v. Sam N. Hodges, Jr. & Co.*, 114 Ga. App. 424 (151 SE2d 481) (1966). There the court reasoned: "The alleged negligent design and construction of the building in and of itself constituted a legal injury to the plaintiff, however slight the actual damages may have been at the time; this is true, notwithstanding the fact that the plaintiff had no knowledge of such wrongs having been committed until the roof collapsed some four years later. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation." Id. at 426.

The "discovery rule" apparently originated in medical malprac-

tice suits. See Prosser and Keeton on Torts, 5th ed., p. 166 (1984); Annot., 80 ALR2d 368, 388 (1961).[6] The rule has subsequently been applied to architects. Annot., 90 ALR3d 507, 521 (1979); *Chrischilles v. Griswold*, 150 NW2d 94, 99-101 (Iowa S.Ct. 1967).

The statutes of limitations in Rhode Island are similar to those in Georgia in that they use the words "after the cause of action shall accrue." In *Lee v. Morin*, 469 A2d 358 (R.I. 1983), a home buyer and his wife sued the contractor for structural deficiencies in the foundation of their home discovered when the cellar flooded six years and four months after the family moved into the house. Referring to an earlier medical malpractice decision applying the discovery rule to Rhode Island's personal injury statute of limitations, the court said (469 A2d at 360): "In defining the word 'accrue,' we noted that three possible interpretations existed. Strict construction would find the statute running from the time the negligent action occurred. A more liberal interpretation would define 'accrue' as the time the injury first became apparent. Finally, a third possibility suggests that the statute would start running when the plaintiff discovered the injury or, through the exercise of reasonable diligence, should have discovered it. . . . This final option is commonly referred to as the 'discovery rule,' which hitherto was and has been restricted in application to claims involving medical malpractice. . . ."

Pointing out that "Reasonable diligence may require thorough inspection," the Rhode Island court went on the say that "No reasonable man should be expected to inspect a house thoroughly, by expensive engineering services, in order to detect sophisticated structural deficiencies." Id. The court then held that with respect to improvements to real property, the statute of limitations "begins to run when the evidence of injury to property, resulting from the negligent act upon which the action is based, is sufficiently significant to alert the injured party to the possibility of a defect." Id.

In a case surveying the law of this area, *City of Aurora, Colorado v. Bechtel Corp.*, 599 F2d 382 (10th Cir. 1979), the court recognized the Georgia rule as being the traditional one, but applied the discovery rule against the defendant, a design engineering firm which had designed a five mile tunnel which caved in. Like the Supreme Court of Rhode Island, the court found that it was unreasonable to require a layman to recognize design defects, which could be latent, or employ another expert to ascertain whether the structure was properly designed and engineered.

---

[6] The use of the discovery rule in medical malpractice cases was foreclosed in Georgia by statute prescribing that such actions must be brought within two years of the date of the negligent or wrongful act or omission. See OCGA § 9-3-71; *Shessel v. Stroup*, 253 Ga. 56, 57 (316 SE2d 155) (1984).

We find the reasoning in *King v. Seitzingers* to be correct, approve it as we did in *Sybron Corp. v. Anderson,* supra, and apply it here, including its subsidiary proposition that a cause of action does not accrue until the injured party becomes aware, or in the exercise of reasonable diligence should have become aware, of his injury or damage.

We are reinforced in this conclusion by OCGA § 9-3-51 (a). That code section provides that "No action to recover damages: (1) For any deficiency in the . . . planning, design, specifications . . . or construction of an improvement to real property; [or] (2) for injury to property, real or personal, arising out of any such deficiency . . . shall be brought against any person performing . . . design, planning, supervision . . . or construction of such an improvement more than eight years after substantial completion of such an improvement."[7] OCGA § 9-3-53 provides that "Nothing in this article shall extend the period of limitations prescribed by the law of this state for the bringing of any action or shall postpone the time as of which a cause of action accrues."

This is a "statute of repose" as opposed to the usual statute of limitations. It terminates any cause of action against a contractor who constructs a building at the end of 8 years (unless the injury occurs in the 7th or 8th year).[8] By including provision as to damage to real property, it appears that the General Assembly intended that this law terminate an owner's cause of action against a contractor after eight years. Yet the statute does not extend existing statutes of limitation. Unless the discovery rule is applicable to OCGA § 9-3-30, any cause of action by the owner against the contractor will commence upon substantial completion of the building and will be barred before the 8 years elapses. Thus, absent the discovery rule the statute of repose would be meaningless as between owners and contractors.

We therefore hold that the discovery rule is applicable to OCGA § 9-3-30 as well as OCGA § 9-3-33. The defendant having failed to show by undisputed evidence that the owner was aware, or by the exercise of reasonable diligence should have been aware, before the building collapsed, of defendant's alleged negligence and the damage thereby resulting, the grant of summary judgment was improper.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Clarke and Weltner, JJ., who dissent, and Bell, J., who concurs specially.*

---

[7] Paragraph (b) of OCGA § 9-3-51 provides for 2 additional years if the injury to person or property occurs in the 7th or 8th year.

[8] The 8 years has not elapsed here.

WELTNER, Justice, dissenting.

I respectfully dissent, and would confine the discovery rule of *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981) to cases of bodily injury which develop only over an extended period of time.

To extend the discovery rule to all statutory limitations which contain the terminology "after the right of action has accrued" will, I suggest, generate substantial uncertainty, and countenance litigation for an indeterminate number of years after an alleged breach of duty.

In this case, there exists a statute of repose. OCGA § 9-3-51 (a). Such statutes are rare, however, and, in the event the "discovery rule" is ingrafted upon every statute of limitation which contains the language "after the right of action has accrued," it will create a prolongation of litigation which will destroy that finality which is the very aim of limitations.

I am authorized to state that Presiding Justice Marshall and Justice Clarke join in this dissent.

BELL, Justice, concurring specially.

I agree with the result in this case because there is a statute of repose. In instances where there is no statute of repose I would *not* adopt the discovery rule.

DECIDED MAY 30, 1985 —
REHEARING DENIED JUNE 19, 1985.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Sergio Alvarez-Mena III, Jonathan M. Engram,* for appellant.

*Alembik, Fine & Callner, Lowell S. Fine, G. Michael Banick,* for appellee.