The CORPORATION OF MERCER UNIVERSITY, Plaintiff–Appellant,

v.

NATIONAL GYPSUM COMPANY, a Delaware Corp., et al., Defendants–Appellees.

The CORPORATION OF MERCER UNIVERSITY, Plaintiff–Appellee, Cross–Appellant,

v.

NATIONAL GYPSUM COMPANY, and W.R. Grace & Co., Defendants–Appellants, Cross–Appellees.

Nos. 86–8416, 86–8693.

United States Court of Appeals, Eleventh Circuit.

Nov. 23, 1987.

Darci L. Rock, Bracewell & Patterson, William A. Anderson, II, Mary Caroline Parker, Luis M. Nido, Washington, D.C., Martin W. Dies, Jr., Law Offices of Martin Dies, Orange, Tex., Charles M. Stapleton, Martin, Snow, Grant & Napier, Cubbedge Snow, Jr., Macon, Ga., for plaintiff-appellant.

Alfred B. Adams, III, Wildman, Harrold, Allen, Dixon & Branch, Daniel J. Webb, Atlanta, Ga., for amicus curiae Presbyterian Center, Inc.

Richard M. Bernstein, Hoyle, Morris & Kerr, Lawrence T. Hoyle, Philadelphia, Pa., Shepard M. Remis, Goodwin, Procter & Hoar, Sandra Sue McQuay, Boston, Mass., Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, Pa., A. Stephens Clay, Mara McRae, Atlanta, Ga., for defendants-appellees.

Shepard M. Remis, Goodwin, Procter & Hoar, Kenneth A. Cohen, Boston, Mass., for W.R. Grace & Co.

Before HILL and VANCE, Circuit Judges, and SPELLMAN,[*] District Judge.

PER CURIAM:

This appeal presents important issues of Georgia law for which there is unclear precedent in the decisions of the courts of Georgia. Because there are a significant number of similar cases in Georgia involving very substantial amounts of money, we believe that the issue is appropriate for resolution by the Supreme Court of Georgia. We therefore certify the question to the Supreme Court of Georgia pursuant to Ga. Const. art. 6, § 6, para. 4, Ga.Code Ann. § 15–2–9, and Rule 37 of the Georgia Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI SECTION VI PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:

I. Style of the Cases

The style of the cases in which this certificate is made is as follows: The Corporation of Mercer University, Plaintiff–Appellant, versus United States Gypsum Company, Defendant–Appellee, Case No. 86–8416, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Middle District of Georgia; The Corporation of Mercer University, Plaintiff–Appellee, cross-appellant, versus National Gypsum Company and W.R. Grace & Co., Defendants–Appellants, Cross–Appellees, Case No. 86–8693, filed in the United States District Court for the Middle District of Georgia.

II. Statement of the Facts

On April 9, 1985, Mercer University filed actions in federal district court against several manufacturers of asbestos-containing construction products. Among these manufacturing companies were defendants United States Gypsum, National Gypsum, and W.R. Grace & Co. The lawsuits were brought to recover damages in tort for injury to property arising out of the defendants' sale to Mercer University of asbestos products. Mercer alleged that these products were installed in buildings constructed or renovated between 1906 and 1972 on its Atlanta and Macon campuses.

Defendants moved for summary judgment on the ground that the plaintiff's claims were barred by the statute of limitations. The district court, applying Georgia's discovery rule, held that the four-year statute of limitations did not begin to run until Mercer knew or reasonably should have known that the removal of defendants' products was necessary to eliminate the hazard associated with the asbestos. It therefore denied the summary judgment motions. After a bifurcated trial, the jury awarded Mercer compensatory damages of $114,800.18 against National Gypsum, $284,901.00 against W.R. Grace & Co., and punitive damages of $1,000,000 against both companies. The subsequent appeals by National Gypsum and W.R. Grace & Co., and Mercer University's cross-appeal, were consolidated with Mercer's earlier appeal of the district court's dismissal of United States Gypsum.

III. Reasons For Certification

This case involves the application of Georgia's "discovery rule," which provides that a cause of action in tort will not accrue until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he has been injured and that the injury may have been caused by the defendant. *King v. Seitzingers, Inc.,* 160 Ga.App. 318, 287 S.E.2d 252, 254 (1981). We understand it to be well established in Georgia that the discovery rule applies to personal injury cases. *See Ever-*

* Honorable Eugene P. Spellman, U.S. District Judge for the Southern District of Florida, sitting by designation.

*hart v. Rich's, Inc.,* 229 Ga. 798, 194 S.E.2d 425, 428–29 (1972); *Anderson v. Sybron Corp.,* 165 Ga.App. 566, 299 S.E.2d 160, 161 (Ga.App.1983); *King,* 287 S.E.2d at 254. To what extent the discovery rule applies to property damage cases is unclear.

In *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co., Inc.,* 254 Ga. 461, 330 S.E.2d 344 (1985), the Supreme Court of Georgia directly confronted the issue of whether the discovery rule applicable in personal injury actions is applicable in property damage cases. *Id.* Three of seven justices voted to extend the discovery rule to property damage cases, finding support in Ga.Code Ann. § 9–3–51(a), an eight year statute of repose for actions to recover damages for injury to property. Three justices voted to confine the discovery rule "to cases of bodily injury which develop only over an extended period of time." 330 S.E.2d at 348 (Weltner, J., dissenting).

Justice Bell, concurring specially, provided the fourth and deciding vote for applying the discovery rule to property damage cases, but only where there is an applicable statute of repose. In cases where there is no statute of repose, he indicated he would not adopt the discovery rule. *Id.* (Bell, J., concurring).[1]

In this case, there is no applicable statute of repose.[2] Counting *Lumbermen's* votes, the Georgia discovery rule would appear to be inapplicable to Mercer's action for damages to its property. Mercer contends, however, that this result should not prevail in all property damage situations. Mercer argues that where, as in this case, there

are allegations that the defendants have knowledge of a dangerous defect that they are withholding, the discovery rule still applies. In essence, the plaintiff reads *Lumbermen's* to hold that the discovery rule applies to property damage cases where there exists an applicable statute of repose or where the defendant knowingly conceals the existence of a continuing hazardous condition.

Mercer finds support for its position in the language of *U–Haul Co. of Western Georgia v. Abreu & Robeson, Inc.,* 247 Ga. 565, 277 S.E.2d 497 (1981). In that case, the Georgia Supreme Court held that a cause of action against architects for negligent design was barred by the four year statute of limitations for damages to personal property. The court added, however, that statutes of limitation may be tolled in some situations.

> Even though the cause of action for damage to the building accrues at the time of construction, a cause of action for damage to personal property or for personal injury proximately resulting from defective construction does not accrue until these injuries occur. This is a different proposition from the theory that a statute of limitation may be tolled by some other event once the cause of action has arisen. There is no allegation of fraud, *nor does the complaint allege that the architects had knowledge of dangerous defects which they were withholding.*

*Id.* 277 S.E.2d at 499 (emphasis added). Mercer contends that because the defend-

---

1. In *Shaw v. Petersen,* 180 Ga.App. 823, 350 S.E.2d 831 (1986), the court held that the discovery rule applied to an action brought by a homeowner against a building contractor for damage resulting from a construction defect. *Id.* at 832. The court was unclear, however, as to whether the existence of the statute of repose was a prerequisite to the application of the discovery rule.

2. Ga.Code Ann. § 9–3–51(a), the statute of repose in *Lumbermen's,* applies to architects, designers, and contractors. The defendants in this case are manufacturers of products in the buildings. The statute provides:

> 9–3–51. Limitations on recovery for deficiency in planning, or constructing improve-

ment to realty or for resulting injuries to property or person.

(a) No action to recover damages:

(1) For any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property;

(2) For injury to property, real or personal, arising out of any such deficiency; or

(3) For injury to the person or for wrongful death arising out of any such deficiency

shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision or observation of construction, or construction of such an improvement more than eight years after substantial completion of such an improvement.

ants in this case had knowledge of the hazards associated with the asbestos in its buildings, and withheld this knowledge from Mercer, the statute of limitations was tolled.[3]

Faced with this unsettled issue of Georgia law, we certify the question of whether the *Lumbermen's* ruling on the discovery rule in property cases applies to all property damage situations, or is limited to where there are no allegations of willful concealment of hazardous conditions.

## IV. Question to be Certified to the Georgia Supreme Court

Whether the discovery rule is applicable to property damage cases where there is no applicable statute of repose but there are knowledge and concealment of hazardous defects?

Implicit in the statement of the question is the assumption that the asserted tort claim for negligent injury to property exists under Georgia law. If the Georgia Supreme Court concludes that this assumption is not correct, then the question certified will be rendered moot.

Our statement of the question is not designed to limit the inquiry of the Georgia Supreme Court.

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

**3.** Plaintiff also cites the 1987 amendment to Ga.Code Ann. § 51-1-11, a ten year statute of repose for product liability actions. The new amendment provides:

> The limitation ... regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability, *except an action seeking to recover from a manufac-*

*Wood v. New York Life Ins. Co.,* 758 F.2d 1459, 1462 (11th Cir.1985), (*quoting Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968)).

The entire record in the case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.

*turer for injuries or damages arising out of the negligence of such manufacturer in manufacturing products which cause a disease or birth defect, or arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property.*

Ga.Code Ann. § 51-1-11(c) (emphasis added). Plaintiff alleges that this case involves products which cause disease, as well as conduct manifesting a willful, reckless, or wanton disregard for life or property.