854 F.2d 426
 ST. JOSEPH HOSPITAL, Plaintiff-Appellee,
v.
The CELOTEX CORPORATION, as Successor to the Spraycraft
Corporation (a Delaware Corporation), United
States Gypsum Company (a Delaware
Corporation), Defendants-Appellants.
 No. 87-8140.
 
 Eleventh Circuit.
 Sept. 6, 1988.
 Greene, Buckley, DeRieux & Jones, John D. Jones, Carla A. Ford, Atlanta, Ga., Montgomery, McCracken, Walker & Rhoads, Ralph W. Brenner, Stephen A. Madva, Philadelphia, Pa., for Celotex.
 Blatt & Fales, Edward J. Westbrook, Charleston, S.C., Daniel A. Speights, Hampton, S.C., for plaintiff-appellee.
 Freeman & Hawkins, Julia Bennett Jagger, Atlanta, Ga., Morgan, Lewis & Bockius, Thomas B. Kenworthy, Frank L. Corrado, Jr., Philadelphia, Pa., for U.S. Gypsum.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before VANCE and CLARK, Circuit Judges, and GARZA*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal involves the applicability of a statute recently enacted by the Georgia legislature. Because of the importance of this issue of Georgia law to the resolution of several pending lawsuits, we believe that the Georgia Supreme Court should have the opportunity to address the issue. We therefore certify the question to the Supreme Court of Georgia pursuant to Ga. Const. art. 6, Sec. 6, para. 4, Ga.Code Ann. Sec. 15-2-9 and Rule 37 of the Georgia Supreme Court.
 
 
 2
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI SECTION VI PARAGRAPH IV OF THE GEORGIA CONSTITUTION.
 
 
 3
 TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:
 
 I. Style of the Case
 
 4
 The style of the case in which this certificate is made is as follows: St. Joseph Hospital, Plaintiff-Appellee, versus the Celotex Corporation and United States Gypsum Company, Defendants-Appellants, Case No. 87-8140, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Georgia.
 
 II. Statement of the Facts
 
 5
 On March 10, 1986 St. Joseph Hospital filed an action in federal district court against four manufacturers of asbestos-containing fireproofing sprayed in its building. Among these manufacturers were appellants Celotex Corporation and United States Gypsum Company. The fireproofing materials had been applied to steel beams in the hospital during a renovation project undertaken during 1969 and 1970. The asbestos was not discovered until March 1984, when the hospital initiated a subsequent renovation. The hospital removed the asbestos-containing material, and brought this action to recover the cost of the removal.
 
 
 6
 The defendants moved for summary judgment on the ground that the plaintiff's claims were barred by the four-year statute of limitations. See Ga.Code Ann. Sec. 9-3-30. The district court denied the motion on the ground that Georgia's discovery rule prevented the limitations period from commencing to run until St. Joseph knew or reasonably should have known that the asbestos fireproofing constituted a hazard requiring removal. After a five day trial the jury returned a verdict against Celotex for $300,000 and against USG for $200,000. The two defendants appealed.
 
 III. Reasons for Certification
 
 7
 This case, like several others involving asbestos damage to buildings, involved Georgia's discovery rule. This rule provides that a cause of action in tort will not accrue until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he has been injured and that the injury may have been caused by the defendant. King v. Seitzingers, Inc., 160 Ga.App. 318, 287 S.E.2d 252, 254 (1981). At the time the parties argued the case before this court, the issue was whether the discovery rule applied to tort actions involving injury to property as well as to those involving personal injury.
 
 
 8
 Ga.Code Ann. Sec. 9-3-30, the statute of limitations applicable when the case was before the district court, provides that the action must be brought within four years after the right of action accrues. In Corporation of Mercer Univ. v. National Gypsum Co., 832 F.2d 1233 (11th Cir.1987), which was argued before this case was argued, we certified to the Georgia Supreme Court the question of whether the discovery rule applies to property damage cases.[1]
 
 
 9
 The Georgia Supreme Court answered the certified question in the negative. See Corporation of Mercer University v. National Gypsum Co., 258 Ga. 365, 368 S.E.2d 732 (1988). The court held that the discovery rule in Georgia is confined to personal injury cases. Id., 368 S.E.2d at 733. The court concluded, therefore, that a cause of action under Ga.Code Ann. Sec. 9-3-30 must be brought within four years of substantial completion of the damaged building or property. See id., 368 S.E.2d at 733.
 
 
 10
 While the case was pending before the Georgia Supreme Court, however, the Georgia legislature enacted a new statute governing actions against asbestos manufacturers and suppliers involving property damage. The new statute, Ga.Code Ann. Sec. 9-3-30.1, which was signed by the governor and became law on April 14, 1988, provides:
 
 
 11
 (a) Notwithstanding the provisions of Code Section 9-3-30 or any other law, every action against a manufacturer or supplier of asbestos or material containing asbestos brought by or on behalf of any person or entity, public or private; or brought by or on behalf of this state or any agency, department, political subdivision, authority, board, district, or commission of the state; or brought by or on behalf of any municipality, county, or any state or local school board or local school district to recover for:
 
 
 12
 (1) Removal of asbestos or materials containing asbestos from any building owned or used by such entity;
 
 
 13
 (2) Other measures taken to correct or ameliorate any problem related to asbestos in such building;
 
 
 14
 (3) Reimbursement for such removal, correction, or amelioration related to asbestos in such building; or
 
 
 15
 (4) Any other claim for damage to real property allowed by law relating to asbestos in such building
 
 
 16
 which might otherwise be barred prior to July 1, 1990, as a result of expiration of the applicable period of limitation, is revived or extended. Any action thereon shall be commenced no later than July 1, 1990.
 
 
 17
 (b) The enactment of this Code section shall not be construed to imply that any action against a manufacturer or supplier of asbestos or material containing asbestos is now barred by an existing limitations period.
 
 
 18
 (c) Nothing in this Code section shall be construed to revive, extend, change, or otherwise affect the applicable period of limitation for persons or entities not set forth and provided for in subsection (a) of this Code section.
 
 
 19
 (d) Nothing contained in this Code section shall be construed to have any effect on actions for personal injury or any other claim except as specifically provided in this Code section.
 
 
 20
 This statute, if applied to cases like this one, would lift any statute of limitation bar. The Georgia Supreme Court, however, did not consider the effect of this statute on Mercer's claim.[2]
 
 
 21
 Appellants argue that the new statute does not apply "retroactively" to cases filed prior to April 14, 1988, the effective date of the new statute. Appellants maintain that the four year statute of limitations of Ga.Code Ann. Sec. 9-3-30 applies (sans discovery rule) to all cases, like this one, filed prior to April 14, 1988.
 
 
 22
 Appellants, citing Hart v. Owens-Illinois, Inc., 250 Ga. 397, 297 S.E.2d 462 (1982), argue that because the language of Ga.Code Ann. Sec. 9-3-30.1 does not "imperatively" require retroactive application, the statute should not apply to pending cases.[3] Appellants specifically point to the language that any action under the new statute "shall be commenced" before July 1, 1990 as connoting application only to lawsuits commenced after the enactment of the new statute.[4]
 
 
 23
 We believe that it is appropriate for the Georgia Supreme Court to resolve this issue. As we noted in our previous opinion, these cases involve considerable amounts of money, and this court has a strong interest in faithfully applying Georgia law with scrupulous accuracy. Accordingly, we certify the issue of the new statute's interpretation and applicability to pending cases.[5]
 
 
 24
 IV. Question to be Certified to the Georgia Supreme Court
 
 
 25
 Whether Ga.Code Ann. Sec. 9-3-30.1 applies to cases pending at the time of the statute's enactment so as to prevent these claims from otherwise being barred by an applicable period of limitation?
 
 
 26
 The entire record in the case, together with the briefs of the parties, is transmitted herewith.
 
 
 27
 QUESTION CERTIFIED.
 
 
 
 *
 Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The question certified to the Georgia Supreme Court asked: "Whether the discovery rule is applicable to property damage cases where there is no applicable statute of repose but there are knowledge and concealment of hazardous defects?" 832 F.2d at 1236
 The question was phrased this way because there was some precedent in the courts of Georgia for the proposition that where there exists an applicable statute of repose, the discovery rule would apply in property damage cases. See Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co., Inc., 254 Ga. 461, 330 S.E.2d 344 (1985). There was also some authority for the position that the discovery rule might still apply, even without the existence of an applicable statute of repose, where there were allegations of knowledge and concealment of hazardous defects. See Mercer, 832 F.2d at 1235-36; U-Haul Co. of W. Georgia v. Abreu & Robeson, Inc., 247 Ga. 565, 277 S.E.2d 497, 499 (1981).
 
 
 [2]
 On June 20, 1988 Mercer University filed a motion for reconsideration in the Supreme Court of Georgia, urging that the court apply Ga.Code Ann. Sec. 9-3-30.1. The Georgia Supreme Court denied the motion on July 1
 
 
 [3]
 In Hart, the Georgia Supreme Court held that courts should not construe a statute to apply retroactively unless the language of the statute requires it. 297 S.E.2d at 463. The court in Hart held that a statute of limitations enacted after the right of action had vested in the plaintiff would not be applied to bar the plaintiff's claim. This case presents the converse issue: whether a statute which revives or extends actions otherwise barred by a statute of limitation should not be applied to allow the plaintiff's claim
 
 
 [4]
 Appellants also argue that the Georgia Supreme Court's opinion in Mercer resolves the issue. The defendants in Mercer argued to the Georgia Supreme Court that the court should decline to address the new statute because the issue was not relevant to the question certified by this court. The defendants in this case now argue that the Georgia Supreme Court's failure in Mercer to address the applicability of the new statute "conclusively resolved the issue." We do not, however, view such silence as resolution of such an important issue
 
 
 [5]
 We are reluctant to certify a second question in this series of Georgia asbestos property damage cases. We feel, however, that the importance of the issue and the strong interests of the Georgia courts in this area require us to do so